## M. F. Soldini et al. *v.* S. M. Hyams et als.

The surety on an administrator's bond cannot object to the return of *nulla bona* on a writ of *fi. fa.*, on the grounds that the Sheriff made his return after the return day of the writ had passed.

A judicial bond must be construed by reference to the law in pursuance of which it was given; and where no particular amount is expressed in an administrator's bond, the surety will be liable to the amount for which the law directs such a bond to be taken, to-wit, one-fourth beyond the estimated value of the movables, immovables, and of the credits comprised in the inventory, and the fact of the inventory not having been filed when the bond was signed will not alter its effects.

An administrator is bound to render an account of the interest received by him, as also of the revenues of the estate confided to him, when kept in kind beyond a reasonable time.

APPEAL from the District Court of the Parish of Natchitoches, *Chaplin,* J. *H. Safford,* for plaintiffs. *A. H. Pierson,* for defendants and appellants.

Duffel, J. The plaintiffs seek to recover from the defendants, as sureties of *William Middleton,* administrator of the succession of *Marie Delphine Derbanne,* the amount due them by said estate, according to the administrator's account of his administration.

The District Judge awarded to the plaintiffs $1,950 61, with interest and costs.

The defendants appealed.

The defendants resist the claim on the following grounds:

1st. That the Sheriff's return of *nulla bona* on the writ of *fi. fa.* issued against their principal, was made after the return day.

2d. That the bond signed by them expresses no amount, and is, therefore, without effect.

3d. That the interest charged by the administrator in his account, and which exceeds the amount of their liability, should be cut off, as an administrator only owes interest from the date of the judgment of homologation. C. P. 1007.

I. Had the Sheriff made his return before the time expressed in the writ, the defendants might *possibly* have found cause to complain; but as it is, we see no weight in the objection.

II. An administrator's bond is a judicial one, and must be construed by reference to the law in pursuance of which it was given; the Article 1041 of the Civil Code fixes the amount of the bond at one-fourth beyound the estimated value of the movables, immovables, and of the credits comprised in the inventory, and the law, therefore, implies that the sureties, by signing the bond, intended to bind themselves accordingly; and it is no answer that the process-verbal of inventory was not then on file in the Clerk's office; this fact, on the contrary, explains the hiatus. *Mason, Ex'r,* v. *Fuller & Williams,* Sheriff, 12 An. 68.

III. It appears that the administrator allowed in his account five per cent. per annum interest on the different instalments of the sale of the community property, as also on the estimated value of the separate property of his deceased wife, (whose estate he was then administering,) during the several years that he kept the latter property. An administrator is bound to render an account of the interest received by him, as also of the revenues of the estate confided to him, when kept in kind beyond a reasonable time.

In the case at bar, the administrator retained the separate property, which consisted principally of landed property and slaves, from 1848 to 1856, and he

became the purchaser of the greater part of the community property, and *non constat* that he applied the proceeds, as they became due, to the payment of the debts; and, therefore, we see no good reason to exonerate him from the payment of interest on his purchases.

The mode of computing the revenues of the separate property was most favorable to the administrator. We, therefore, conclude, that the interest allowed by the administrator was the interest due by him personally as a purchaser, the interest received from the other purchasers, and the revenues yielded by the separate property, and consequently, that the charge was a proper one.

The District Judge based the amount of his judgment on a statement prepared by the parties, but in doing this, he overlooked the last item, by which the administrator was entitled to a credit of $50, thus reducing the amount to $1,900 61 : we will, in this respect, modify the judgment.

It is, therefore, ordered, adjudged and decreed, that the judgment of the court *a qua* be amended in such a manner as to reduce the sum of nineteen hundred and fifty dollars and sixty one cents, to the sum of nineteen hundred dollars and sixty-one cents, to be distributed and contributed according to the principle and basis of the judgment of the District Court, which is otherwise hereby affirmed; the appellees to pay the costs of the appeal.