MORGAN *v.* LONG, *et al.*

HIBBEN & CO. *v.* same.

</div>

1. **Clerk of district and circuit courts:** OFFICIAL BOND SURETIES: Money paid to the Clerk of the District and Circuit Courts, upon a judgment recorded in his office, is received by him in virtue of his office; and upon his failure to pay over the money to the judgment creditor, a recovery may be had therefor against him and his sureties, in an action on his official bond.

2. ——Thus held where he deposited money so received with a private banker who failed.

<div align="center">

*Appeal from Dallas Circuit Court.*

WEDNESDAY, AUGUST 31.

</div>

THE defendant Long, was clerk of the District and circuit courts, duly elected and qualified, the other defend-

ants are the sureties upon the bond, as such clerk. Plaintiffs recovered judgments against certain parties in the circuit court, and afterwards the defendants thereon paid the interest thereof to his clerk and satisfaction in due form was entered by said clerk in the proper records. This money, without plaintiff's knowledge or consent, he deposited with a private banker, who failed, and these actions are brought upon the clerk's official bond, to recover the sums thus paid him for these judgment creditors. The facts are precisely the same in both cases and they are heard and considered together. Judgment for plaintiffs, and defendants appeal.

*S. Oturno & E. Willard*, for appellants.

*Montgomery Reed & James*, for appellees.

WRIGHT, J. The only question made in this case is, whether by the sentence, or at common law it was the official duty of the clerk to receive money upon any judgment, rendered in his office, and hence whether he and his sureties are liable upon their bond for his failure to pay over to the proper parties the money which he thus collects.

The statute, as well as the conditions of his bond require him to promptly pay over to the person or officer entitled thereto, all money, which may come into his hands *by virtue of his office."* Did this money thus come into his hands ? That it did we entertain but little if any doubt. And thus concluding there remains of course no doubt as to the liability of all the defendants.

We shall do no more than refer as briefly as possible, to the provisions of the statute upon which we base this conclusion. The clerk is to keep a book known as the "judgment docket," in which he is to enter certain things, and among others "the entry of notification" of judgments

(Rev. S. Sec. 346 ; c. 2, and Sec. 3141.) He is to pay to the county treasurer, all witness fees *received by him* and remaining unclaimed, &c., (Sec. 353.) Then he is to receive money deposited by a debtor, where the holder of the instrument is absent from the state, &c. (Sec. 1805.) All money coming into the sheriff's hands by virtue of attachment proceedings are to be paid by him forthwith to the clerk, (Sec. 3219.) An officer having an execution, is to return to the clerk, his writ and the money collected theron. (Sec. 3257.) A prior judgment creditor may redeem from a senior, by paying to the clerk the full sum, &c. (Sec. 3339.) The usual mode of making redemption is by paying the money into the clerk's office. (Sec. 3348.) The court may order money in certain cases, to be deposited in the office of the clerk (Sec. 3416.) Meaning of the word "clerk" (S. S. 4123.) When a bond is given for the security of the public generally, or of particular individuals, suit may be brought thereon in the issue of the person intended to be secured (Sec. 2757.) *Strunk* v. *Ocheltree*, 11, Iowa, 158 ; *State* v. *Fredericks*, 8 Ib. 553 ; *Bininger* v. *Dickenson*, 20 Iowa, 260 ; *Latham* v. *Brown*, 16 Ib. 118.) We only ask in conclusion if the money is not to be paid to the clerk then to whom, if the judgment plaintiff is a non-resident having no agent in the county, (and these are the facts in the cases now before us.) No execution was issued and the sheriff could not receive the money. The debtor had a right to be discharged, and it was the clerk's official duty to receive the money and satisfy the judgment (*Fisher* v. *City of Oskaloosa*, Disct. Term. 1869.) This is further shown by Sec. 3265, which makes it his duty to enter on the proper docket, the dates and amounts of all moneys received into or paid out of his office upon any judgment. How more clearly could money come into his hands by virtue of his office, than when thus paid upon a judgment.

The cases cited by appellants, some of them at least are in receiving, and yet it is believed are not in actual conflict with this evidence. None of these, however, were made under our statute, and as examination will show that the statutes of the states when made, are so very different from ours as to render them inapplicable.

These judgments are affirmed.