WRIGHT & Co. v. HARRIS *et al.*

1. **Official bond: COUNTY JUDGE.** A county judge is authorized to receive money paid by an executor upon claims filed and allowed against the estate; and for his failure to pay the same over to the party or parties entitled, he and his sureties on his official bond will be liable therefor.

2. —— **FILLING BLANKS.** Where sureties sign the official bond of their principal, leaving certain blanks as to amount, date, etc., which they expect him to properly fill, and which he does fill accordingly, they are estopped from claiming that their liability is effected thereby.

*Appeal from Jasper District Court.*

SATURDAY, APRIL 8.

THE defendant Harris was elected to the office of county judge of Jasper county for two years from January 1, 1864. In qualifying for the office, he executed and filed a bond, with Thomson and the other defendants as his securities, which was duly approved, and thereupon he entered upon the discharge of the duties of the office. The bond is conditioned, as provided by Revision, section 554, to be void "if the said Harris shall render a true account of his office and of his doings therein to the proper authority, when required thereby or by law, and shall promptly pay over to the person or officer entitled thereto all moneys which may come into his hands by virtue of his office, and shall faithfully account for all balances of money remaining in his hands at the termination of his office, and shall hereafter exercise all reasonable diligence and care in the preservation and lawful disposal of all moneys, books, papers and securities, or other property appertaining to his office, and deliver them to his successor or to any one authorized to receive the same, and if he shall faithfully and impar-

tially, without fear, favor, fraud or oppression, discharge all other duties now or hereafter required of his office by law."

Plaintiffs claim in this action to recover, upon the said official bond, $217.33, on account of money received by Harris in the discharge of his official duties from the administratrix of an estate, upon a claim against the estate in favor of plaintiffs. The petition avers demand upon Harris for payment and his failure to pay to his successor in office, etc.

The answer of the sureties denies the execution of the bond set out in the petition, averring that the instrument signed by them was in blank as to the amount of penalty, date, and names of obligors. They further aver that the money, to recover which the suit was brought, was paid to Harris in his individual, and not in his official, capacity, without the knowledge of the other defendants; that the collecting and receiving claims due from estates were no part of his official duties, and defendants are not liable therefor, and that, at the close of his official term, Harris made full settlement of his official acts as county judge, and therefore he and his securities were released from said bond.

The cause was submitted to the court without a jury. The following, among other facts, were found. The securities, at Harris' request, "expecting the blanks would be properly filled, signed and delivered to Harris a bond" containing blanks as to the amount, names of obligors, date and office to which Harris had been elected. Harris properly filled the blanks, took the oath of office, and the bond was approved, filed and recorded, and thereupon he entered upon the discharge of the duties of the office.

Harris, in his official capacity as county judge, received of the executrix of an estate $217 in payment of a claim due plaintiffs from the estate, which had been properly filed and allowed. While the money was in his hands he

made a final settlement with the administratrix and ordered her to be discharged. Upon the expiration of his term of office he failed to pay over said money or account to his successor or any other person therefor, and still retains the same. The court rendered judgment for plaintiffs in the amount found due upon plaintiffs' claim. The securities appeal.

*Clark & Ryan* for the appellants.

*Winslow & Wilson* for the appellees.

BECK, J. — I. The first point made by appellants' counsel is this: The collection or receipt of moneys from executors, or others settling estates, in satisfaction of claims filed and allowed against them, was no part of the official duties of a county judge, and his securities were, therefore, not liable upon his official bond for moneys so received and not paid to the party entitled thereto.

<div style="margin-left:2em">1. OFFICIAL BOND: county judge.</div>

Chapter 119 of the acts of the ninth general assembly requires each county judge to give bond, with two or more sureties, in a sum not less than $10,000 "conditioned for the faithful discharge of his duties as such judge." Revision, section 554 prescribes the form of bonds to be given by civil officers; it is substantially the same as the instrument sued on in this case.

The duties of a county judge, at the time of the transactions complained of in the petition, were those which are usually discharged by courts of probate, pertaining to the settlement of estates, the guardianship of minors, etc. He was authorized to act as his own clerk and to keep his own records. Rev., §§ 242, 347. He had jurisdiction in all matters relating to the settlement of estates, and could enter judgments against executors and administrators and their securities for money not paid in accordance with his

order, to be enforced by execution issued by him. Rev., §§ 2304, 2419, 2420. A judgment entered by him could have been discharged by payment as other judgments. This court has held that the clerk of the district and circuit courts is authorized to receive money in satisfaction of judgments in those courts, though there is no statute expressly prescribing that it is his duty to do so. *Morgan* v. *Long et al.*, 29 Iowa, 434. Now, in case of a judgment entered by the county judge the defendants therein would have had the right to pay it. In case of the non-residence of the party entitled to the money, and in other cases, it could not have been satisfied unless by the receipt of the money by the clerk or by the judge. So in case of the return of an execution by the sheriff with the amount of the judgment collected thereon. It was the sheriff's duty to pay over the money with the writ, and there must have been some one authorized to receive it. In such cases, as the judge was clothed with authority to act as his own clerk, it was his duty to receive the money. If he was authorized to receive money, he was liable, with his securities, upon his official bond, for failure to pay it over to the party entitled to receive it. For the very same reasons it was his duty to receive money in proper cases from an executor, upon claims filed and allowed against the estate, and he was liable therefor in the same manner.

Chapter 119 of the acts of the ninth general assembly repealed Revision, section 277, which required the bond of a county judge to be conditioned for the payment of all *public* moneys that should come into his hands, and provides that the instrument shall obligate the officer for the faithful discharge of his duties. Its form, as we have seen, is provided for by Revision, section 554, and is the same as that of all bonds required of officers who are intrusted with public money or money of individuals. This appears to express quite clearly the legislative interpretation of the law, to the effect that county judges in the discharge of their duties were

authorized to receive money in proceedings before them. We are quite sure that such was the general understanding of these officers themselves, and of all persons doing business with them, and before the office was abolished, the practice very extensively, if not uniformly, prevailed, in certain cases, to pay money of estates into the hands of the judges. It follows that the receipt of the money and failure to pay it over by the defendant, Harris, was a breach of the conditions of the bond sued on.

II. Appellants claim that, as the bond was signed by them in blank, they are not bound by it. But the finding of the court as to the facts, that it was executed by them in the expectation (and of course with their knowledge and consent) that the blanks would be properly filled as it now appears, is an answer to this objection. By their act in signing and delivering the instrument to Harris, expecting and knowing he would fill the blanks in a certain manner, fully empowered him so to do. It is not claimed that they were filled in a manner not thus authorized.

*2. —— filling blanks.*

The foregoing are the only points made by appellants. Upon our ruling thereon the judgment of the district court must be

Affirmed.