LUCIEN EVARTS, ADMINISTRATOR OF THE ESTATE OF JACOB YARLETT, DECEASED, APPELLANT, *v.* G. W. STEGER ET AL., RESPONDENTS.

EQUITY—REFORMING WRITTEN INSTRUMENT.—To entitle a party to have a written contract reformed in a court of equity, on the ground of mistake, the complaint must show that the alleged mistake was that of the parties to the contract, and that it was mutual.

PRESUMPTION.—The law presumes that a written contract contains all its terms.

PLEADING.—DEFECT IN COMPLAINT NOT WAIVED BY ANSWER.—The objection that the complaint does not state facts sufficient to constitute a cause of suit is not waived by answer, and may be urged in an appellate court.

APPEAL from Umatilla County.

Respondent Steger was, on the 12th day of June, 1871, appointed by the County Court of Umatilla County, administrator of the estate of Jacob Yarlett, deceased.

Said Steger as principal, with the other defendants herein as sureties, filed his bond as such administrator, which was approved by the County Court on the 15th day of June, 1871, and thereupon entered upon his duties as such administrator, and continued to act as such until the 5th day of August, 1872, when, on the application of the widow of the deceased, he was removed, on the charge that his undertaking was insufficient and that he was not faithfully performing the duties of his trust.

On the 9th day of April, 1873, the appellant was appointed administrator *de bonis non* of said estate, and after qualifying as such entered upon the discharge of his duties, and in his official capacity instituted this suit, alleging that said Steger, while acting as administrator of said estate, had wrongfully appropriated to his own use $2229.65 in gold coin of the assets of said estate, and had absconded there-

with to the province of British Columbia, where he still remains. Appellant sets out in his complaint a copy of the defective bond of said Steger, and asks to have the same reformed by the court, and for a decree against said Steger and his sureties for said sum of $2229.65, with interest.

That part of the bond in which the mistake is alleged to have occurred, is as follows: "Know all men by these presents, that George W. Steger as principal, and John T. Davis, William Penland, Nelson Jones and John T. Hinton as sureties, are held and firmly bound [in the sum of $10,000, payable] unto whom it may concern; for which payment well and truly to be made, we bind ourselves, our heirs, executors and administrators, jointly and severally, firmly by these presents. Sealed with our seals and dated this 12th day of June, 1871," etc.

The alleged mistake consists in the omission from this bond of the words, in brackets, "in the sum of $10,000, payable."

Defendant Steger was not served with process and did not appear, but his said sureties, Davis, Penland, Jones and Hinton, appeared in the court below, and demurred to the complaint upon the ground, among others, that it did not state facts sufficient to constitute a cause of action or suit.

The demurrer was overruled, whereupon the said sureties, who are appellants in this Court, filed their answer admitting the filing of a petition for the appointment of Steger, as administrator of said estate, in which petition the probable value of the property of said estate was estimated at $5000; but denying that the county judge of Umatilla County required, as a condition precedent to issuing letters of administration to said Steger, that he should file with the clerk of said court an undertaking in the sum of $10,000 or any other sum; or that the words "in the sum of $10,000, payable to whom it may concern," were accidentally or otherwise omitted from said undertaking; or that said Steger wrongfully retains from the heirs of said estate $2229.65, or any other sum, but aver that said Steger is entitled to credits as administrator of said estate to the full amount of said sum of $2229.65.

The answer further alleged that Steger has never had a settlement with the County Court of Umatilla County, as administrator of said estate, and that said court has never ordered a final settlement of his accounts, and that he has never been adjudged in default to said estate by the County Court.

Appellant in his reply does not controvert the allegation in the answer that Steger had not had a final settlement with the County Court, nor that he had never been adjudged in default to said estate by said court. But the appellant for further reply says: "That he has no knowledge nor information sufficient to form a belief as to whether Steger holds large demands against said estate, and hence denies the same; that he has no knowledge or information sufficient to form a belief as to whether said demands, together with the reasonable expenses of administration, are sufficient to offset all demands against said Steger, and hence denies the same, and avers upon his honor as a gentleman that he does not believe anything of the kind."

After issue joined, defendants moved for judgment on the pleadings, which motion was granted by the court, and plaintiff's cause was thereupon dismissed and judgment rendered against him for costs, from which he appeals to this Court.

*L. Evarts,* for Appellant, in person.

*S. Ellsworth,* for Respondents.

By the Court, BONHAM, C. J.:

Plaintiff's cause having been dismissed by the court below, on motion of defendants' counsel for decree upon the pleadings, the same was heard and determined in this Court virtually upon the demurrer to the complaint, and is decided upon the third ground thereof, to wit: "That the complaint does not state facts sufficient to constitute a cause of suit." It is well settled that the objection to the jurisdiction of the court and to the sufficiency of the facts stated to constitute a cause of suit, are not waived by answering over, but may

thereafter be properly urged in the appellate court as well as in the court below. True, for the convenience of practice, it is proper to raise such objections first by demurrer; but the failure to do so is no waiver of the right.

Although upon the argument of this cause it was insisted by counsel for respondents that the Circuit Court had no original jurisdiction to entertain plaintiff's suit in the absence of a previous adjudication by the County Court of Umatilla County in the premises, and although it was further insisted that the terms and conditions of the undertaking sued upon were of such a character that the same could not·be reformed by a court of equity, yet this Court has thought proper to only pass upon the question whether the complaint sets out facts sufficient in any event to entitle the plaintiff to the relief prayed for.

It appears, from the allegations and argument of counsel for appellant, that he intended to base his claim to relief in the reforming of Steger's undertaking as administrator, on the ground of accident or mistake in its execution. Allowing that this instrument is of such character that it might be reformed by a court of equity, has the plaintiff stated facts sufficient to entitle him to the relief prayed for? We conclude that he has not. And in support of this conclusion, we refer to the allegations of the complaint on this subject. The only averment in the complaint, touching the omission to insert a penal sum in said undertaking, reads as follows: "But plaintiff shows that the words or phrase, 'In the sum of ten thousand dollars, payable to whom it may concern,' were accidentally omitted therefrom by the said George A. La Dow; and that the defendant signed said undertaking; and that John Davis, William Penland, Nelson Jones and J. T. Hinton, justified thereto with the intention of making it appear that they actually were sureties, that the said G. W. Steger should faithfully perform the duties of his trust, and that they were severally worth the amounts mentioned in their justification; and that the words 'am worth,' which should have been inserted in said justification immediately after the words, 'I, the said John Davis,' were accidentally omitted by the said George A. La Dow."

The complaint further shows that La Dow was the attorney for Steger in drafting the undertaking in question, but it nowhere appears that the sureties were privies to, or cognizant of, any mistake made by said La Dow, or that it was ever agreed or understood, by said sureties, that they were to, or had signed, an undertaking in the penal sum of $10,000, or any other fixed sum. Neither does it appear, from the complaint or otherwise, that said sureties had any knowledge that Steger was required, by the County Court of Umatilla County, to execute an undertaking in the sum of $10,000, or any other sum. It is true that it does appear, from the affidavits of the sureties appended to the undertaking, that they are worth the aggregate sum of $10,000, over and above debts and liabilities and property exempt from execution; and that is the only intimation contained in the complaint, that it was understood or agreed by them that they were to be held and bound in that sum.

It does not appear that there was any blank left in the undertaking for the penal sum at the time that the same was executed, or that there was any understanding with the sureties that any penal sum should afterwards be inserted so as to bring the case within the rule invoked by appellant, and in support of which he cites *Wright & Co.* v. *Harris*, 31 Iowa, 272; *Inhabitants of South Berwick* v. *Huntress*, 53 Maine, 89; and 15 La. Ann. 551.

We think, then, that there is no sufficient allegation in the complaint to negative the idea that the undertaking, as signed by these sureties, was, in its terms, the instrument which they intended to sign. In this conclusion we are supported by the presumption that an agreement, when reduced to writing, has all its terms embraced in such written contract. (1 Story's Eq. Jur., § 153.)

To entitle a party to relief in a court of equity against a mistake, it must appear that such mistake was mutual; that it was the mistake of both parties to the contract. And as we have before indicated, there is nothing in this complaint, or at least no sufficient averment to show that respondents were mistaken as to any of the terms of the contract by them executed. (Id. 142.)

Decree affirmed.