R. L. McDONALD AND OTHERS, PLAINTIFFS IN ERROR,
v. HENRY ATKINS AND OTHERS, DEFENDANTS IN
ERROR.

Clerk of Court: OFFICIAL ACT: SURETIES OF. The receipt of
money by the clerk of a court of record upon a judgment in his
office, whether paid voluntarily or made by the sheriff on exe-
cution, is an official act, and his failure to faithfully account for
such money is a breach of his bond, for which his sureties are
liable in an action upon it.

ERROR to the district court for Lancaster county. Tried
below before POUND, J.

*Marquett, Deweese & Hall,* for plaintiffs in error.

*Burr & Kelly, J. R. Webster,* and *D. G. Courtnay,* for
defendants in error.

LAKE, CH. J.

The principal question in this case is whether the facts
alleged in the petition make a good cause of action. The
court below answered this question in the negative, and
accordingly refused to permit the introduction of any evi-
dence by the plaintiffs. We have bestowed considerable
reflection upon the arguments of counsel, and examined
the authorities cited to support them, and have reached the
conclusion that the learned judge of the district court was
in error in holding as he did.

The petition is based upon an official bond given by R.
N. Vedder as clerk of the district court for Lancaster
county, upon which the defendants are sureties. In apt
words it charges that while Vedder was holding said office
and discharging the duties thereof, he received from the
sheriff of Pawnee county a sum of money made on an ex-
ecution issued from said court in favor of the plaintiffs, a

part of which he had failed and refused to ˹account for, having converted it to his own use. The point made by the defendants' counsel is, that the money was not received by Vedder in his official capacity—in other words, that he had no authority as clerk to receive it. And so the court below held.

No one can doubt, we think, that this ruling was in direct conflict with the general understanding of the legal profession of this state as to the duty of court clerks in the receipt and disbursement of money paid upon judgments, from the first organization of our judicial system, through all its changes, down to the present time. Indeed, we doubt exceedingly that any one, especially a practicing lawyer, has ever supposed that upon the rendition of a money judgment, the defendant could not prevent a further accumulation of costs and interest, and have a satisfaction legally entered of record, by at once paying to the clerk of the court the amount which it calls for. If he could not —if clerks are really without authority to receive money on judgments in their custody, then to whom, in the absence of the plaintiff and his attorney, could payment be legally made? Suppose, for instance, that the judgment creditor is a non-resident and without an attorney or agent here authorized to take the money, must the debtor hunt him up and make payment to him personally on pain, if he do not, of having the judgment stand indefinitely a growing incumbrance upon his estate? Such surely would be the debtor's dilemma, if payment to the clerk would not release him from further liability.

While it is true that we have no statute which in express terms declares that the clerks of the several courts shall accept payment of judgments in their custody, it is very evident that the legislature contemplated and intended that they should do so. Indeed, unless the legislature did so intend, their design in the enactment of several provisions of statute is not apparent. Take, for instance, sec. 514 of

the code of civil procedure, which declares that "If any clerk of a court shall neglect or refuse, on demand made by the person entitled thereto, his agent, or attorney of record, to pay over all money by him received in his official capacity for the use of such person, every such clerk may be amerced," etc.

Again, the direct authorization of clerks of courts to receive fees, other than their own, is as wanting as is that to receive the principal of judgments; and yet the nearly uniform practice has been and is for them to do so for disbursement to the several parties entitled thereto. And in direct recognition of this practice, provision is made for the payment of such fees as may remain in the hands of the clerks a certain length of time uncalled for, to the several county treasurers, for the use of common schools. Sec. 40, ch. 28, Comp. Statutes.

Then, too, there are numerous provisions made for the payment of money "into court" for the use of persons entitled thereto, as in cases of garnishment, code, sec. 222, and the foreclosure of mortgages, same, secs. 854, 857, 858. And even in the absence of such provision, can it be doubted that a party against whom a money judgment is sought by action may, upon being summoned, pay the amount demanded "into court," and thereby prevent the making of any further costs? But how is it to be effected? In the case of inferior courts—those not of record, and unprovided with clerks—the payment can, of course, only be made to the judge or magistrate in person; but in courts of record, where all the steps taken in the progress of a case, from the commencement to the satisfaction of final judgment, are recorded and preserved, and where a clerk for the performance of this duty is specially provided, it is otherwise. In these courts payments of money are never made to the judge, but the uniform practice in this state has always been to make them to his clerk, to whose custody and care the files, records, and whatsoever else relates

to cases in court, are confided. And this practice, so universal, although not positively directed by any act of the legislature, conflicts with none, and, as we have shown, is recognized by and in perfect harmony with several. For these reasons, we must hold that the receipt of the money in question by Vedder was an official act, and clearly within the purview of the bond which the defendants signed.

The judgment is therefore reversed, and the cause remanded to the district court for further proceedings conformable to law.

REVERSED AND REMANDED.

COBB, J., having been of counsel in the case in which the money was received, did not sit on the trial or participate in this decision.