## LEE COUNTY v. WELSING ET AL.

1. **County Treasurer:** OFFICIAL BOND: SURETIES SIGNING BLANK BONDS: COMBINATION OF FOUR BLANKS IN ONE BOND. W. was the treasurer elect of Lee county. Not knowing the amount of the bond that would be required of him, he took four blanks, all alike, and had each one of them signed by certain of his sureties, no surety, however, signing more than one of the blanks. The understanding between W. and each of his sureties was that, when the amount of his bond was determined, he should fill the blanks in the bonds and sign them himself,

and use them so signed as his official bond or bonds. When the amount of his bond was determined, he inserted the amount in the first of the bonds so signed in blank, and signed the same himself, and cut the signatures from the other blanks and attached them to the first one in such a manner as to make them appear as signatures to that bond, and the bond so made was presented by W. to the board of supervisors as and for his official bond, and was by them accepted and approved therefor. None of the sureties was present, or knew of W.'s method of combining their signatures in one bond, but the supervisors knew how it was done. *Held* that by so combining the signatures W. did not in any manner change the obligation which the sureties intended to incur when they signed the blanks, and that he did nothing, in legal effect, which he was not, as agent of the sureties, authorized to do, and that the sureties could not escape liability on the bond.

2. ———: ———: ———: PAROL AUTHORITY TO FILL BLANKS. In such case it was not necessary that the authority given by the sureties to the principal to fill the blanks in the bonds, or to do what he did, should be conferred in writing. It was and could be conferred by parol. See authorities cited.

*Appeal from Lee District Court.*

WEDNESDAY, DECEMBER 8.

ACTION on the official bond of the defendant Welsing, as county treasurer. Judgment for the plaintiff, and the defendants, who are sureties on the bond, appeal.

*Casey & Casey*, for appellants.

*Craig, McCrary & Craig*, for appellee.

SEEVERS, J.—By consent of parties, this cause was referred to three persons as referees, who reported to the court their findings of fact and conclusions of law, which the court adopted and confirmed, and judgment was accordingly rendered. The defendant Welsing was elected county treasurer in 1877, and in December of that year a portion of the appellants, at his instance and request, signed a blank official bond, "with intent thereby to become sureties on the official bond of said

1. COUNTY treasurer: official bond: sureties signing blank bond: combination of four blanks in one bond.

Welsing, as treasurer of Lee county, for the term of two years, commencing on the first Monday in January, 1878." In the same month another portion of the appellants signed, at the instance and request of said Welsing, another separate blank official bond, in all respects like the preceding, before the blanks were filled, with the same intent as above stated. In the same month a certain other portion of the appellants signed another blank official bond, under the same circumstances, and with the same intent as lastly above stated; and in January, 1878, still another such bond was signed by other appellants, under the same circumstances, and with the same intent as above stated.

At the time the several bonds were so signed the amount of the penalty to be inserted therein had not been fixed by the board of supervisors, but it was the intention of Welsing and the sureties that the several bonds signed by them should be used as and for the bond of said Welsing, as treasurer, for the term above stated; and, when the amount of the penalty should be fixed by the board, that said Welsing should then do whatever should be necessary to make the said several bonds and papers so signed the complete official bond of said Welsing, as treasurer, for the term aforesaid.

Afterwards, Welsing was informed that the board of supervisors had fixed his bond at $100,000, whereupon he filled the blanks in the bond first above mentioned, and signed it himself. Afterwards, on the same day, Welsing offered to the board of supervisors the blank bonds, signed as above stated, together with certain papers showing that the sureties, or a portion of them, had justified as required by law, as and for his official bond, at which time none of said sureties were present. The board knew at that time that the several bonds had been signed in blank, and that the blanks in one had been filled by Welsing as above stated. When said papers were so offered, it was suggested by a member of the board that the several papers be attached together; whereupon Welsing took them into his office, and, cutting from the last three bonds

above referred to all that part above the signatures on each, pasted together in one long sheet what remained of the said several sheets and papers, in such manner that the bond first above referred to was at the head, and the others followed. The papers thus arranged and pasted were, on the same day, presented by Welsing to the board as and for his official bond as treasurer aforesaid, and the same was accepted and approved by the board; and thereupon Welsing qualified, and entered upon the discharge of the duties of his office. The fact that Welsing was a defaulter in the amount for which judgment was rendered is not controverted.

The contention of counsel is that, under the facts above stated, the appellants are not liable, for the reason that Welsing was not authorized to do what he did, and because what he did amounted to an alteration of the contract entered into by the sureties. It is obvious, we think, that the last reason demands but slight consideration. No contract was entered into until there was a delivery of the bond to the board, and there is no pretense that it was altered after that time. As there was no alteration of a contract, we are not required to stop and consider the authorities cited by counsel bearing on that question, among which are *Dickerman v. Miner*, 43 Iowa, 508, and *State v. Craig*, 58 Iowa, 238.

The appellants signed four several bonds, with the expectation and intent that they should be each used as the official bond of Welsing, and authorized him to do whatever should be necessary to accomplish this purpose. This is precisely what Welsing did. The appellants constituted him their agent, and vested him with absolute power to do all that was necessary to make and deliver a legal and binding official bond. As to the manner in which this should be accomplished, there was no restriction. When Welsing acted as he did, it became the act of the appellants, to all intent and purpose, as if they, and each of them, had been personally present, and did what Welsing did. The power conferred was

not in writing, but it was not essential that it should be. It was and could be conferred by parol. *Wiley v. Moor*, 17 Serg. & R., 438; *Gibbs v. Frost*, 4 Ala., 720; *Inhabitants of South Berwick v. Huntress*, 53 Me., 89; *Wright v. Harris*, 31 Iowa, 272; *City of Chicago v. Gage*, 95 Ill., 593; *Drury v. Foster*, 2 Wall., 24.

2. ——: ——: ——: parol authority to fill blanks.

In principle, we are unable to see any distinction between these cases and the one at bar.

AFFIRMED.