R. F. SCOTT ET AL. v. J. C. HUNT.

No. 717. Decided January 23, 1899.

1. County Clerk—Right to Collect Costs of Other Officers.

Authority is given the county clerk, by Revised Statutes, article 1422, to receive and collect costs due other officers in county court cases. (P. 391.)

2. Same—Bondsmen—Liability for County Judge's Fees Collected.

The sureties of a county clerk are liable to the judge for costs due him in county court cases which have been collected by the clerk and converted to his own use. (Pp. 390, 391.)

QUESTION CERTIFIED from the Court of Civil Appeals for the Fifth District, in an appeal from Lamar County.

*H. D. McDonald,* for appellants.—Kavanaugh did not receive the fees and costs due plaintiff in the former's official capacity as county clerk;

he was not authorized by law to receive the same, and was not required by law to pay over the same to plaintiff so as to bind appellants therefor as his sureties, and they are not liable therefor. Heidenheimer v. Brent, 59 Texas, 533; Brown v. Sneed, 77 Texas, 476; Warswick v. State, 36 Texas Crim. Rep., 63; Henderson County v. Richardson, 40 S. W. Rep., 38; Wilson v. Simpson, 68 Texas, 306; Murfree on Official Bonds, secs. 184, 486, 723, 724, 710, 711; 24 Am. and Eng. Enc. of Law, 879, note 2.

*Birmingham & Hunt*, for appellee.—Kavanaugh did receive these fees and cost due plaintiff in his official capacity as county clerk, and having received them in his official capacity he had a right to pay the same over to plaintiff, and hence he and his sureties are liable for the said default in not paying the same over. Rev. Stats., arts. 1422, 1423, 1467, 1440, 2484, 2480, 1424; 1 White & W. C. C., sec. 483; Morgan v. Long, 29 Iowa, 434; 12 Pa. St., 227; Murfree on Official Bonds, secs. 189, 202, 211, 494, 497, 564, 620, 730; Penal Code, art. 978; Spaulding v. Peterson, 39 S. W. Rep., 453; 24 Am. and Eng. Enc. of Law, 892(b), note 3; Satterfield v. People, 104 Ill., 448; People v. Treadway, 17 Mich., 480.

DENMAN, ASSOCIATE JUSTICE.—In this cause the Court of Civil Appeals have certified to this court the following explanatory statement and question:

"W. B. Kavanaugh was duly elected county clerk of Lamar County on November 6, 1897. He duly qualified as such clerk by executing bond in terms as required by the statute, with R. F. Scott, G. W. Smiley, and J. S. Crook as sureties, which bond was duly approved by the Commissioners Court of said county, and he performed the duties as such clerk from the date of his qualification, to wit, the 23d day of November, 1894, until November 11, 1896. During said period J. C. Hunt was the duly qualified and acting county judge of said county. During said period said Kavanaugh, as such clerk, collected fees and costs which had lawfully accrued to said Hunt in civil and probate cases to the amount of about $500, which he (Kavanaugh) converted to his own use and benefit and failed to pay the same to said Hunt or to his, Kavanaugh's, successor, though a demand had been made therefor. At the time said collections were made by said Kavanaugh, he collected his own and the sheriff's fees and receipted for all officially. None of these costs were paid on execution. Sometimes the parties paying costs came in voluntarily and sometimes a deputy would go out and collect it, but it was always after final judgment. Sometimes these costs were paid to the clerk during the terms at which the judgments were rendered. Kavanaugh kept as county clerk a joint fee book for himself, the sheriff, and county judge. The costs due these parties were itemized, and it was the custom of Kavanaugh and his predecessors to collect all such costs and receipt for same on said book.

"Question.—Was said Kavanaugh, in his official capacity as county

clerk, authorized to receive the fees and costs due said Hunt as county judge, and are the sureties on his official bond responsible thereon for the failure of said Kavanaugh to pay over to said Hunt said fees and costs that he collected?"

The jurisdiction of a court is its power to hear and determine and enforce its decrees. In this general power is included the power to receive into court that which is voluntarily tendered in satisfaction of the demand made or decree entered, whether it be the subject matter of the controversy or the incidental matter of costs of procedure.

Whether the clerk is so far the representative or arm of the court that he may *without an order of court* and *in the absence of a statute authorizing him to do so,* receive such funds is a question which we do not feel called upon to determine in this cause, though such has been held to be a part of his official duty elsewhere. McDonald v. Atkins, 13 Neb., 568.

We think, however, that the authority to receive the costs in this case is recognized and conferred upon the clerk by article 1422, Revised Statutes, which reads: "It shall be lawful for the clerks of the district and county courts and justices of the peace to demand payment of all costs due in each and every case pending in their respective courts, up to the adjournment of each term of said courts."

It is true that in Wilson v. Simpson, 68 Texas, 311, it was held that a "bill of costs" made out by the clerk for costs incurred *in a writ of error proceeding,* all costs up to and including the final judgment having been paid, could not have the force and effect of an execution under subsequent articles of our statutes. That case, however, merely held that the form of the writ was not authorized, but did not hold that the clerk had no authority to receive even those costs, and certainly the question as to whether he had power after final judgment to receive all costs incurred up to and including the final judgment was not before the court.

The questions certified will be answered in the affirmative.