CALVIN ROBERTS ET AL. v. W. A. POWELL, CLERK, ET AL.

Decided November 25, 1899.

**1. Clerk of Court May Receive Money in Satisfaction of a Judgment.**
The clerk of the district court has authority in his official capacity to receive money in satisfaction of a judgment of his court.

**2. Motion Against Clerk—Payment Over of Money to Assignee of Judgment.**
Where money has been paid to the clerk of the court in satisfaction of a judgment, an assignee of the judgment who has filed his transfer thereof among the papers of the cause may by motion against the clerk made in such court require the payment of the money over to himself.

APPEAL from Cass. Tried below before Hon. J. M. TALBOT.

*Figures & Pruitt,* for plaintiffs in error.

*H. F. O'Neal* and *O'Neal & Allday,* for defendants in error.

BOOKHOUT, ASSOCIATE JUSTICE.—At the February term of the District Court of Cass County, Texas, 1897, Mrs. Louisa Ballard (formerly Roberts, and now Mrs. Louisa Wall), for herself and as next friend of Frank Roberts, Ludie Roberts, Monroe Roberts, Mattie Roberts, Elijah Roberts, and John Roberts, minors, recovered a judgment against the Texas & Pacific Railway Company for $7980 for the killing of her former husband, Newton R. Roberts, which amount was apportioned by the verdict of the jury so as to give to Mrs. Ballard and to each of the six minors $1140 each. Mrs. Ballard assigned one-half of the recovery to her attorneys who prosecuted the cause to judgment. The railway company appealed the cause, and pending the appeal Mrs. Ballard, for a valuable consideration paid her by these plaintiffs in error, on November 24, 1897, assigned her entire interest in and to said judgment to them, without recourse, which said transfer was by these plaintiffs in error duly and legally filed in said cause and placed among the papers of said cause on April 9, 1898. Said judgment was on March 7, 1898, finally affirmed by the Supreme Court of Texas, and on or about April 30, 1898, the said Texas & Pacific Railway Company fully paid said judgment, interest, and all costs to the defendant in error, W. A. Powell, as clerk of the District Court of Cass County, Texas, paying the sum of $8694.72, and taking his receipt therefor.

Plaintiffs in error, after the payment of said judgment to defendant in error, W. A. Powell, clerk as aforesaid, made application to said clerk for the payment to them of the amount to which Mrs. Ballard was entitled under the judgment, and to which they asserted they were entitled as assignees of her interest in the judgment, but the said clerk, at the instance and request of Mrs. Ballard, and upon Mrs. Ballard executing to him an indemnity bond with J. B. Roberts and M. Jacobs as sureties, declined and refused to pay over to these plaintiffs in error the amount

due them as assignees of the interest of said Mrs. Ballard in and to said judgment, and these plaintiffs in error thereupon, on August 5, 1898, filed their motion against said W. A. Powell, clerk of the District Court of Cass County, Texas, praying an order of the court requiring said clerk to pay over to them the amount due them as assignees of the interest of the said Mrs. Ballard in and to the judgment above referred to, and made Mrs. Ballard and her present husband, Will Wall, J. B. Roberts, and M. Jacobs, parties defendant in said motion.

Said motion was filed in the original cause in which said judgment had been recovered against the said Texas & Pacific Railway Company, which was styled Louisa Ballard, formerly Roberts, v. Texas & Pacific Railway Company, No. 4176, in the District Court of Cass County, Texas. The motion was answered by W. A. Powell, clerk of the District Court of Cass County, Texas, and by Mrs. Louisa Ballard, by a general demurrer, or motion to dismiss for want of authority in law for the prosecution of such motion, and by special answer. On September 2, 1898, said motion was tried by the District Court, and the general demurrer of the defendants in error, W. A. Powell and Mrs. Louisa Ballard, to the motion of plaintiffs in error was sustained, and said motion was by the court dismissed, and the costs adjudged against plaintiffs, to which ruling of the court plaintiffs then and there in open court excepted and gave notice of appeal, and have now brought said cause to this court on writ of error.

The plaintiffs in error under their first assignment present the following proposition: "The clerk of the court was authorized by law to receive and receipt the defendant railway company for the judgment, interest, and costs of suit due by it under the judgment against it, and such payment to him was in law a payment of the amount of the judgment, interest, and costs into the registry of the court, and the motion of the plaintiffs in error against the clerk was the proper proceeding to obtain an order of the court requiring him to pay over to them the amount which they were entitled to receive as assignees of the interest of Mrs. Louisa Ballard, and their motion was not subject to general demurrer, and should not have been dismissed by the court."

The motion of plaintiffs in error alleges the recovery of the judgment by Mrs. Ballard and others; the affirmance of the judgment by the Supreme Court; the assignment by Mrs. Ballard of her entire interest in the judgment to the plaintiffs in the motion, and the filing of such transfer with the clerk of the District Court prior to the payment of the judgment to the clerk by the railway company, and his refusal to pay to plaintiffs in the motion the interest which they were entitled to as assignees of the interest of Mrs. Ballard. The judgment against the railway company was for $7980, and the same was apportioned among the plaintiffs therein as follows: To Mrs. Ballard (formerly Roberts) $1140, and a like sum to each of her five minor children.

We have a statute authorizing the payment of a judgment in favor of a minor to the clerk when the interest of such minor does not exceed $500, and providing how the same may be withdrawn from the clerk. Sayles' Civ. Stats., art. 3498w. The question presented in this case is, did the clerk in his official capacity have authority to receive payment of said judgment?

In this State there is no statute expressly conferring authority upon clerks to accept payments of judgments in their custody. The clerk is authorized to collect jury fees and fines. Sayles' Civ. Stats., art. 1089. He is authorized by statute to receive the proceeds of the sale of perishable property in attachment proceedings. Rev. Stats., art. 208.

In criminal cases the clerk of the district court is made one of the officers charged by law with the collection of money in the name of and for the use of the State. Code Crim. Proc., arts. 1010-1013.

The Supreme Court held, in answer to a certified question from this court, that the county clerk has authority in his official capacity to collect, after final judgment in said court, costs due other officers in county court cases. Scott v. Hunt, 92 Texas, 389.

It has been held by the Supreme Court of the State of Nebraska that a clerk has authority in his official capacity, and in the absence of a statute expressly authorizing him to do so, to receive money in satisfaction of a judgment in his office. McDonald v. Atkins, 13 Neb., 568.

The question seems to have been carefully considered by the court in that case, which is referred to in the case of Scott v. Hunt, supra, and we think our Supreme Court inferentially approved the rule therein announced. We think the reasoning in the Nebraska case sound, and that the correct rule is there laid down.

We conclude that the above proposition of appellants is sound, and that their first assignment of error under which said proposition properly arises is well taken. Morgan v. Long, 29 Iowa, 434; Henderson v. Riley, 1 White & W. C. C., sec. 483.

The plaintiffs in error contend under their second assignment of error that "the court erred in sustaining the exceptions of the appellees to their motion, and in dismissing said motion, because the clerk having received payment of the judgment in his official capacity, and the motion showing that plaintiffs in said motion were the assignees of the entire interest of Mrs. Ballard (formerly Roberts), plaintiff in said judgment, the court should have overruled said exceptions and proceeded to hear said motion on its merits."

It is not questioned but that the assignment of Mrs. Ballard (formerly Mrs. Roberts) to plaintiffs in error is a legal assignment, and the motion shows it was acknowledged by her and filed with the papers of the suit, and notice thereof entered as required by article 4647 of the Revised Statutes.

This being true, the assignee of said judgment took the place of the assignor and was entitled to prosecute this motion.

It follows that the court erred in not overruling the exceptions to said motion and in not proceeding to a hearing of the same upon the issues raised by the motion and answer.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*