IN RE ESTATE OF HUGH NAIRN.

No. 39783.

NOVEMBER 21, 1929.

*Martin & Alexander,* for appellant.

*Burnstedt & Hemingway,* for appellee.

FAVILLE, J.—We shall refer to the administratrix as appellant, and to the claimant as appellee.

The decedent executed and delivered a note to the appellee. On March 10, 1925, the appellee filed a claim for the amount due on said note with the clerk of the district court of Hamilton County. Said claim was in proper form, duly verified, and a copy of said note was attached thereto. The record shows that appellant approved said claim after it was filed, and on May

18, 1925, paid to the clerk of said court the sum of $2,255.99, which amount was turned over by said clerk to the appellee, and indorsed upon said note. Thereafter, to wit, on November 27, 1926, the appellant called at the office of the clerk of said court, for the purpose of paying the balance due on said claim. At said time, the deputy clerk telephoned to appellee bank, for the purpose of ascertaining the balance due on said claim at said time, and was informed by the bank that the balance due was $1,540.24. This information was then communicated to the appellant, who thereupon gave to the said clerk her personal check for said amount, payable to said clerk. Said check was drawn upon the appellee bank, and proper entry was made on the record in the clerk's office. The clerk deposited said check in his account as clerk in the Hamilton County State Bank. The check was given to the clerk on Saturday, November 27th, and said deposit was made on the following Monday, November 29th. The check was cleared by the said Hamilton County State Bank, and duly charged to the personal account of the appellant in the appellee bank. The Hamilton County State Bank closed its doors on December 1, 1926.

Upon this state of facts, the question is whether or not the payment made to the clerk upon the admitted claim in the manner described is binding upon the appellee bank. It may be a matter of surprise to the profession in this state to discover that there is no statute in this state which in express terms provides that claims established against the estate of a decedent can be paid through the clerk's office, by paying the amount thereof into the hands of the clerk.

Under the Revision of 1860, the county judge was "invested with the usual powers and jurisdiction * * * of a judge of probate." Revision of 1860, Section 241. Under the Revision, there was no specific provision for payment of claims in estates to said county judge. Revision of 1860, Section 2402 et seq. Under these statutes, the case of *Wright & Co. v. Harris*, 31 Iowa 272, arose. That action was against the county judge and his bondsmen. The plaintiffs sought to recover on account for money received by the county judge in the discharge of his official duties, from the administratrix of an estate, which had been paid upon a claim against the estate in favor of the plaintiffs in said action. By way of answer, it was averred "that the

collecting and receiving claims due from estates were no part of his official duties." It appeared of record that the county judge, in his official capacity, had received from the executor of an estate a certain sum in payment of a claim due to the plaintiffs in the action, which claim had been properly allowed and filed. We held that the county judge was authorized to act as his own clerk, and keep his own record. We said:

"This court has held that the clerk of the district and circuit courts is authorized to receive money in satisfaction of judgments in those courts, though there is no statute expressly prescribing that it is his duty to do so. *Morgan v. Long et al.,* 29 Iowa 434. Now, in case of a judgment entered by the county judge, the defendants therein would have had the right to pay it. In case of the nonresidence of the party entitled to the money, and in other cases, it could not have been satisfied unless by the receipt of the money by the clerk or by the judge. So in case of the return of an execution by the sheriff with the amount of the judgment collected thereon. It was the sheriff's duty to pay over the money with the writ, and there must have been someone authorized to receive it. In such cases, as the judge was clothed with authority to act as his own clerk, it was his duty to receive the money. If he was authorized to receive money, he was liable, with his securities, upon his official bond, for failure to pay it over to the party entitled to receive it. For the very same reasons, it was his duty to receive money in proper cases from an executor, upon claims filed and allowed against the estate, and he was liable therefor in the same manner."

The question again arose under the Revision of 1860, in *Doogan v. Elliott,* 43 Iowa 342, 343, where we again recognized the rule that a county judge was authorized to receive money paid by an executor upon claims filed and allowed against the estate.

The office of county judge was abolished by Chapter 160, Acts of the Twelfth General Assembly, and now the district court has original and exclusive jurisdiction of the administration of estates. Section 10763, Code of 1927. The clerk of the district court has certain general duties that are described in Code of 1927, Chapter 479. Section 11832 imposes certain additional powers and jurisdiction upon the clerk in regard to certain

matters in probate, but does not make any reference with regard to receiving payment of claims filed in an estate. Code Section 12778 provides for the deposit of funds by an administrator, guardian, trustee, or referee, with the clerk, where the place of residence of the party entitled to the same is unknown; and subsequent sections make provision for the disposal of said funds so deposited. Appellee contends that said last-mentioned sections are the only provisions in the statute directly authorizing the deposit of funds in the hands of the clerk by an administrator of an estate, and that said statute is not applicable to the instant case, because the residence of the claimant was not unknown.

The question for determination resolves itself into the one proposition as to whether or not the clerk of the probate court, under his general powers as clerk, has authority to receive payment from an administratrix of a duly established and allowed claim filed in an estate pending in said probate court. If the county judge, acting as clerk of the probate court, under the former statute, without any express legislative authority so to do, could legally receive from an administratrix payment of claims duly established in the probate court, as held by us in *Wright & Co. v. Harris* and *Doogan v. Elliott*, supra, no logical reason can be suggested why the clerk of the probate court, who now has all of the power as a clerk that the county judge formerly possessed as clerk, may not receive payment on claims established and allowed in the said court.

In *Morgan v. Long*, 29 Iowa 434, we considered a case where the question involved was whether it was the official duty of the clerk to receive money upon a judgment rendered in his office. The statute did not in express terms make any such provision, but we held that the clerk could properly receive money upon a judgment rendered in his office. We reviewed the various statutes which evidently contemplated the payment of money into the hands of the clerk.

In *Walters-Cates v. Wilkinson*, 92 Iowa 129, it was held that a court could properly order the share of a party in a partition action "to be paid into court," and that, when such payment was made, the clerk received the money by "virtue of his office." This was without any express statutory authority for ordering money in a partition action to be paid to the clerk.

*Wright & Co. v. Harris* and *Doogan v. Elliott*, supra, were

recently reviewed by us in *Prudential Ins. Co. v. Hart,* 205 Iowa 801.

We are not unmindful of a custom or practice which has been somewhat prevalent in this state since the decision in *Wright & Co. v. Harris,* supra, whereby claims filed and allowed in probate proceedings are paid to the clerk of the probate court. Such a custom is consistent with our pronouncement in the *Wright* case. It has the sanction of our decisions, and is well known to bench and bar. We hold that the payment by the administratrix of said duly filed and allowed claim into the hands of the clerk of the district court discharged the estate from further liability thereon. In legal effect, the situation is much the same as though a judgment had been rendered against a debtor in the district court, and the debtor had paid the amount of such judgment to the clerk of said court. We limit our holding to one question: namely, that the payment of the amount of said allowed claim by the administratrix to the clerk of the district court was an authorized and legal payment, and discharged the administratrix in said estate from liability to the claimant thereon. It follows that the order of the district court in directing a verdict in behalf of the appellee must be—*Reversed.*

ALBERT, C. J., and DE GRAFF, KINDIG, and GRIMM, JJ., concur.