## MARGARET A. McCOY, Appellant, *v.* JAMES R. BAYLEY, Respondent.

Mistake in Deed must be Mutual.—A mistake in a deed or written instrument will not be corrected and reformed, unless the mistake is shown to be mutual and clearly proven by satisfactory evidence.

APPEAL from Benton County.   The facts are stated in the opinion.

*F. A. Chenoweth,* for appellant.

*John Burnett and John Kelsay,* for respondent.

By the Court, PRIM, J.:

This is a suit in equity, the complaint being in the nature of a cross bill, and having for its object the correction of an alleged mistake in a deed and for the purpose of obtaining a perpetual injunction against the respondent from prosecuting an action at law for damages based upon said deed.

The amended complaint alleges in substance that on the twenty-third day of May, 1870, John H. Kendoll, now deceased, and Fanny, his wife, executed and delivered to the defendant, James R. Bayley, a deed to lot one, in block eleven, in the city of Corvallis, Benton county, Oregon (a copy of which is annexed to the complaint), and that by mistake, the deed above mentioned used the word "lot," when it was intended to use the words "south half of lot one, in block eleven, in the city of Corvallis, Benton county, Oregon." The answer admits the execution of the deed mentioned in the complaint; admits that the copy annexed to the complaint is a correct copy of the deed executed by Kendoll and wife to him on the twenty-third day of May, 1870, but denies that there was any mistake in the deed whatever, and alleges that at the time mentioned in the complaint he purchased of said Kendoll lot number one, in block number eleven, in the city of Corvallis, Benton county, Oregon, and paid therefor the sum of fourteen hundred dollars, and received the deed mentioned and set out in the complaint. This allegation is denied in the reply.

The only question presented in this case by the pleadings is one of fact, whether or not there was a mistake in the deed from Randall and wife to Bayley, executed on May 23, 1870. The allegations of the complaint being denied by the answer, it devolves upon the appellant to prove the mistake. It has already been decided by this court in

several cases that in order to reform a written instrument, the mistake must be material, and plainly and clearly made out by satisfactory proofs. (*Evarts* v. *Steiger,* 5 Or. 151; *Stephens* v. *Murton,* 6 Id. 193; *Remillard* v. *Prescott,* decided at this term of court.)

After a careful examination of the evidence in this case, we find that it fails to show any mistake in the deed mentioned in the complaint. We are, therefore, of opinion that the decree of the court below dismissing the bill with costs should be affirmed.