[Filed October 26, 1891.]

## N. EPSTEIN *v.* THE STATE INSURANCE. CO.

REFORMATION OF INSTRUMENTS — MISTAKE — MEASURE OF PROOF.— Equity will not reform a deed or other instrument in writing upon the ground of mistake, unless the mistake is established by clear and satisfactory evidence.

IDEM — INSURANCE POLICY — LOSS ADJUSTED.— Evidence examined and held insufficient to prove mistake in a policy of insurance or to support the adjustment of loss by the circuit court.

Multnomah county: L. B. STEARNS, Judge.

Defendant appeals. Modified.

*W. W. Thayer,* and *L. A. McNary,* for Appellant.

If there is any one principle settled in the law, it is that a court of equity will not reform a deed or other instrument in writing upon the ground of mistake unless the mistake

is established by clear and satisfactory evidence, and it be shown not to have arisen from the negligence of the party who seeks the relief. (*Shively* v. *Welch*, 2 Or. 288; *Lewis* v. *Lewis*, 5 Or. 169; *Everts* v. *Steger*, 5 Or. 147; *Stephens* v. *Murton*, 6 Or. 193; *Remillard* v. *Prescott*, 8 Or. 37.)

The respondent was bound by the terms of the policy after having accepted and retained it as shown by the evidence, as it was his duty to know what it contained before accepting it. (*Cleaver* v. *Traders' Ins. Co.* 71 Mich. 414; 15 Am. St. Rep. 275; *Morrison* v. *North American Ins. Co.* 69 Tex. 353; 5 Am. St. Rep. 63.)

*Thomas O'Day*, for Respondent.

This case is cognizable in equity. (*Keith* v. *Globe Ins. Co.* 52 Ill. 518; 4 Am. Rep. 624; *New York Ice Co.* v. *Ins. Co.* 23 N. Y. 357; *Phoenix F. Ins. Co.* v. *Hoffheimer*, 46 Miss. 645; *Stout* v. *City Ins. Co.* 12 Iowa, 371; 79 Am. Dec. 539; *Longhurst* v. *Star Ins. Co.* 19 Iowa, 364; *Hammel* v. *Queen Ins. Co.* 50 Wis. 240; *Washburn* v. *Great Western Ins. Co.* 114 Mass. 175.)

In an action brought to recover on a policy of insurance, restrictive clauses, being not for the benefit of the assured, must, if relied upon by the defendant, be specially pleaded or they are waived. (*Dyer* v. *Ins. Co.* 53 Me. 113; *Hoffecker* v. *Ins. Co.* 5 Houst. (Del.) 101; *Caston* v. *Ins. Co.* 54 Me. 170; *Mulry* v. *Mohawk Ins. Co.* 5 Gray, 541; 66 Am. Dec. 380; 2 Wood on Fire Ins. 1141.)

An agent authorized to issue policies and transact the business of the company in a particular locality is a general agent. (*Insurance Co.* v. *Mahone*, 21 Wall. 152; *Pitney* v. *Ins. Co.* 65 N. Y. 6; *Post* v. *Ins. Co.* 43 Barb. 351; *Millville etc. Ins. Co.* v. *Mechanics' etc. Assn.* 43 N. J. L. 652; *Continental Ins. Co.* v. *Ruckman*, 127 Ill. 364; 11 Am. St. Rep. 121; *Dayton Ins. Co.* v. *Kelly*, 24 Ohio St. 345; 15 Am. Rep. 612; Wood on Fire Ins. 822.)

Bean, J.—This is a suit to reform an insurance policy issued by the defendant company to plaintiff under the name of M. Epstein against loss or damage by fire to the

amount of nine hundred dollars, as follows: Five hundred dollars on his household furniture, useful and ornamental and family stores; two hundred dollars on family wearing apparel; one hundred dollars on his trunk of tailors' trimmings; fifty dollars on his sewing-machine; twenty-five dollars on carpets, and twenty-five dollars on two stoves (an equal amount on each), and for enforcing said policy as reformed. It is alleged that by the contract of insurance the policy was to be issued to N. Epstein against loss or damage by fire to the amount of nine hundred dollars generally on the property, without specifying the amount on each particular item. This being denied, presents the first question for our examination.

It has long since been settled that a court of equity will not reform a deed or other instrument in writing upon the ground of mistake, unless the mistake be established by clear and satisfactory evidence. (*Shively* v. *Welch*, 2 Or. 288; *Lewis* v. *Lewis*, 5 Or. 169; *Everts* v. *Steger*, 5 Or. 147; *Stephens* v. *Murton*, 6 Or. 193; *Remillard* v. *Prescott*, 8 Or. 37; May Ins. § 566.)

The rule is thus stated by THAYER, J., in *Harrison* v. *Hartford F. Ins. Co.* 30 Fed. Rep. 863: "The rule is well settled that an application to reform a written contract on the ground of accident or mistake must be supported by clear and satisfactory proof, otherwise it will not be granted. If the testimony is conflicting or of such undecisive character as to raise a substantial doubt in the mind of the court, the contract as written must stand. Besides the ordinary burden of proof which rests upon every litigant who holds the affirmative of an issue, there is in this class of cases the additional burden of overcoming the strong presumption created by the contract itself, which the proceeding seeks to reform." We think the evidence in this case is wholly insufficient within this rule to establish that the policy of insurance should have been upon the property as a whole instead of being upon separate articles thereof in specified amounts. The testimony upon which reliance is placed to make out the alleged mistake is that of plaintiff and his wife, which is not only vague and uncertain upon the point, but is flatly contradicted by Mr. Ireland, the agent of the company who effected the insurance, and who testifies that

he informed plaintiff at the time that under the rules of the company the policy must specify a separate amount upon each item, and that he read that portion of the policy to plaintiff as he wrote it. Under this state of the evidence, the proof does not satisfy us that any mistake in this respect was made in the policy, and it must therefore stand as the exponent of the rights of the parties. It is conceded that a mistake was made in issuing the policy in the name of M. Epstein in place of N. Epstein, and in that respect it should be corrected.

It follows, therefore, that plaintiff should only recover for the goods destroyed and damaged, in accordance with the insurance upon the separate articles or classes as specified in the policy, and it only remains to ascertain the amount of such damage or loss. The evidence upon this question is indeed uncertain, indefinite and exceedingly unsatisfactory, and we can only hope to approximate the amount of the loss. Plaintiff claims his damage and loss by the fire to have been about one thousand seven hundred dollars, and undertakes to give the several items going to make up the amount, with the value of each, but he is contradicted by some of his neighbors and the firemen who assisted in extinguishing the fire, and whose attention was particularly called to the matter by the unusual conduct of plaintiff at the time, and their suspicions as to the origin of the fire, as well as by the agent of defendant who effected the insurance.

But aside from the testimony of these witnesses, plaintiff's valuations are so exaggerated and his claim so inherently unreliable on the face of it, that it is entitled to but little weight. With his family, consisting of his wife and two children, he was occupying at the time of the fire four small rooms on the first floor of a dwelling-house, which were used as a parlor, bedroom, dining-room and kitchen, the furniture of which consisted of a wool plush walnut parlor suite, one walnut bedroom suite, and cot for the children, an ordinary amount of dining-room and kitchen

furniture, crockery and table ware, besides lamps, curtains, mirrors, etc., the parlor and bedroom being carpeted with ingrain or three-ply carpet. Plaintiff is a man depending on his trade (tailor) for a living, and less than a year before the fire, when he arrived in Portland, he was compelled to work for two months to obtain money to send for his family, whom he left in Dakota, and at the time of the insurance, although working steadily could only raise $11.25 to pay the premium therefor, and it is utterly unreasonable to suppose that he had accumulated and had in these rooms a large quantity of expensive furniture, ornaments and clothing amounting to seventeen hundred dollars or even nine hundred dollars, the amount of the insurance, mostly purchased as he claims during his eight months' residence in Portland.

His entire earnings during this time, conceding that he was constantly employed, of which there is no evidence, at the maximum amount per week stated in the testimony, could not have exceeded eleven hundred dollars, out of which he was compelled to support himself and family, so that it was impossible for him to have expended the amount of money claimed in furniture and clothing. His estimates of values are so ridiculous and out of all proportion as to afford but little if any aid to the court. For example, he testifies that one feather bed and six or eight pillows contained one hundred and twenty-five pounds of feathers, and were of the value of two hundred, or two hundred and fifty dollars; and many of his other estimates are in the same proportion. The trunk of tailors' trimmings, stoves and some other articles of furniture were removed from the building but little damaged by the fire, and although they may have afterwards been lost to plaintiff, the defendant is not responsible for the fact that his landlord, believing the fire not to have been accidental, would not allow him to come on the premises to take them away.

Without going into details, we are satisfied from the facts and circumstances of this case as disclosed by the testimony that plaintiff's loss by the fire did not exceed

two hundred and fifty dollars on household furniture, fifty dollars on family wearing apparel, twenty dollars on trunk of tailors' trimmings, fifty dollars on sewing machine, twenty-five dollars on carpets, and ten dollars on stoves, making a total loss of four hundred and five dollars, and the decree of the court below will be so modified.

From the record in this case we feel compelled, on this modification of the decree of the court below, to allow appellant costs in this court.