Argued 29 January, decided 12 March, 1907.

**BOWER v. BOWSER.**

88 Pac. 1104.

Reformation of Instruments—Burden of Proof.

1. Written instruments will not be reformed for mistake unless such mistake is clearly shown to have been mutual, and on that point the plaintiff has the burden of proof. In the present instance the evidence does not clearly show that there was a mistake.

Hop Contract—Specific Performance—Executory Contract.

2. A contract by a hop grower to sell a stated number of pounds of hops each year for a given number of years, to be grown on certain described real property, is an executory agreement for the sale of personal property, and no title passes to the purchaser until delivery and acceptance, so that no interest is thereby created in the land or growing crops which can be enforced against a subsequent purchaser of the real property who does not assume the contract.

From Marion: William Galloway, Judge.

Suit for reformation of a written instrument and specific performance of it when reformed. Plaintiffs appeal from the decree dismissing the complaint.    Affirmed.

For appellants there was a brief over the names of *Teal & Minor, W. M. Kaiser* and *Woodson Taylor Slater,* with oral arguments by *Mr. Wirt Minor* and *Mr. Slater.*

For respondent there was a brief over the names of *W. H.* and *Webster Holmes,* with oral arguments by *Mr. William Henry Holmes* and *Mr. George Greenwood Bingham.*

Mr. Chief Justice Bean delivered the opinion.

This is a suit to reform a deed. On October 31, 1901, the plaintiff Bower and his coplaintiff, Livesley & Co., entered into a contract by which he bargained and sold and agreed to deliver to them 10,000 pounds of hops at 10 cents a pound, during each

of the years from 1902 to 1906, inclusive, to be grown on certain described real property. Livesley & Co. were to make certain advances each year for cultivating and picking purposes, which advances were to bear interest at the rate of 8 per cent per annum and to be a lien upon the crop, and upon the delivery Livesley & Co. were to pay the balance due thereon. Bower was to cultivate, cure, bale and deliver the hops to them f. o. b. the cars at such time between the 1st and 31st of October of each year as they might direct. The hops were to be insured by him in their favor from the time of picking until delivery, and in case of loss before delivery he was to repay to them all the sums so advanced with interest. On March 28, 1903, Bower sold and conveyed the premises described in the contract to the defendant, Bowser, who thereafter refused to comply therewith so far as it related to the sale and delivery of hops grown on the premises after the date of his conveyance. In June, 1904, Bower and Livesley & Co. brought this suit to reform the deed and to enforce specific performance of the hop contract, alleging that defendant agreed as a part of the consideration for the purchase of the land to assume and perform such contract, but by mutual mistake of the parties the agreement was omitted from the deed. The denial of these averments presents the question for our decision.

The testimony upon this point is conflicting. The plaintiff Bower testified that, during the negotiations for the sale of the land by him to the defendant, the latter inquired about the terms of the hop contract with Livesley & Co. and agreed to take it off his hands; that, at the time he (defendant) notified him that he would take the land, he said he did not like the idea of complying with the hop contract, and would beat it if he could, but if not would comply with it; that nothing was said between them about inserting a provision in the deed to the effect that defendant assumed and agreed to perform the hop contract, or that the deed was to be made subject thereto; that he did not think it necessary to have any such stipulation in the deed, as he supposed the agreement between him and the defendant was

sufficient, and would be binding; that Mr. Adams prepared the deed, and nothing was said to him about the hop contract or defendant's assuming the performance thereof. Daais, a witness for plaintiffs, testified that, about the time the deed was made, he met defendant, and inquired if he had assumed the hop contract, and defendant replied that he had bought subject to such contract. Roberts, one of the plaintiffs, says that during the year 1903 defendant told him that he had assumed the hop contract, but would not comply with it unless he was compelled to do so. Adams, who drew the conveyance, testified that it was a general warranty deed, made subject to a mortgage, and that nothing was said to him by the parties about the hop contract. Dr. Armstrong overheard a conversation between Bower and the defendant in Adams' bank about the time the deed was prepared, or while it was being prepared, and Bower said that the hop contract should go with the deed, but defendant replied: "Not much. I will not accept it." Then Adams, overhearing the others, remarked: "If there is any further covenant to be in the deed, it must be inserted now," and Bower replied: "Nothing more." The defendant, Bowser, testified that, during the negotiations between him and the plaintiff Bower for the sale and purchase of the land, he inquired about the hop contract, its terms and conditions, and Bower undertook to state them to him, and, among other things, said that the contract contained a provision that it should terminate in case of the sale of the land; that defendant said that he had never seen a hop contract, and would have to see the one in question before agreeing to accept it, but if it did contain what plaintiff said it did, and nothing further objectionable, and he would deliver to witness a copy within the time to make out a deed, he would accept it, but that he could not delay the matter longer; that Bower did not produce or furnish a copy of the contract, and that he never agreed to assume it otherwise; that there was no mistake in the deed, but that it was made out in strict accordance with the contract, and just as he intended it should be.

From his summary it appears that there is a conflict in the

evidence as to whether defendant agreed to assume and perform the hop contract. Bower, testifying generally, says that such was the understanding and agreement; but he also says that when defendant finally notified him that he would take the land, he said that he did not like the hop contract, and would not comply with it unless compelled to do so. Defendant denies that he ever agreed to assume the contract, except on condition that Bower should furnish a copy before the deed was executed, and that its terms and conditions were found to be as represented. The other testimony tends only to corroborate the evidence of one or the other of these witnesses, and in our opinion the alleged mistake is not made out by that clear and satisfactory proof requisite in suits to reform written instruments on the ground of mutual mistake. It is but a fair inference from the entire testimony that the matter of assuming the hop contract was discussed between Bower and the defendant, and that no definite certain agreement was ever reached in relation to the matter, and the evidence all shows that there was no mistake in the deed sought to be reformed, but that it expressed the intent of the parties correctly. Bower testifies that he never thought of having the alleged agreement with the defendant to assume and perform the hop contract inserted in or made a part of the deed, and the defendant says that the deed as drawn and delivered is just as he intended it should be. Under these circumstances, a court of equity would not be justified in decreeing a reformation of the instrument.

1. It has long been settled that a written instrument will not be reformed on the ground of mistake, unless the mistake is mutual, and be established by clear and satisfactory proof: *Epstein* v. *State Ins. Co.* 21 Or. 179 (27 Pac. 1045) ; *Mitchell* v. *Holman,* 30 Or. 280 (47 Pac. 616) ; *King* v. *Holbrook,* 38 Or. 452 (63 Pac. 651). The evidence here does not satisfy these requirements.

2. The plaintiff contends, however, that, whether the defendant agreed to assume the hop contract or not, he had express notice thereof at the time he purchased the land from Bower,

and therefore took subject to such contract, and must perform the same. This contention, as we understand, proceeds on the theory that the contract between Bower and Livesley & Co. for the sale and purchase of the hops created an interest or charge upon the land, valid as against a subsequent purchaser with notice, which a court of equity will specifically perform as against such purchaser. But hop contracts of the kind now under consideration are merely executory agreements for the sale and delivery of personal property, and no title to the commodity passes to the purchaser until delivery and acceptance: *Backhaus v. Buells*, 43 Or. 558 (72 Pac. 976, 73 Pac. 342); *La Vie v. Tooze*, 43 Or. 590 (74 Pac. 210). If no title or right to the possession of the hops passed by the agreement, prior to delivery, it necessarily follows that no interest, equitable or otherwise, was created in the land or the growing crops, which can be enforced against a subsequent purchaser who does not assume the contract.

The decree is affirmed.　　　　　　　　　　Affirmed.