Argued June 6, decided June 10, 1913.

# HUGHEY *v.* SMITH.

(133 Pac. 68.)

**Reformation of Instruments—Grounds—Pleadings—Sufficiency.**

1.   The complaint, in a suit to reform an instrument on the ground of mistake of facts, must distinctly allege what the original agreement was, or point out clearly wherein there was a misunderstanding, and that the mistake was mutual and did not arise from gross negligence of plaintiff, or that his misconception originated in the fraud of defendant.

   [As to pleadings, etc., in suits to reform instruments, see note in 65 Am. St. Rep. 496.]

**Cancellation of Instruments—Grounds—Mutual Mistake—Pleading—Sufficiency.**

2.   A complaint in a suit to cancel a lease, which alleges that it was the opinion of the parties thereto that a prior lease would expire April 1, 1912, while in fact it did not expire until April 1, 1913, but which does not allege that the termination of the prior lease could not have been discovered by reasonable diligence, or that the parties intended to make the new term begin with the ending of the prior term, does not state a cause of action on the theory of mutual mistake, under the rule that to entitle one to relief on the ground of mutual mistake it must appear that the fact misapprehended could not have been discovered by the exercise of reasonable diligence.

   [As to mistakes for which an instrument may be reformed or canceled, see note in 117 Am. St. Rep. 228.]

**Cancellation of Instruments—Grounds—Incapacity of Parties.**

3.   A complaint in a suit to cancel a lease executed by husband and wife, which alleges that the wife was at the time of the making of the lease in failing health and memory, and that the husband was unable to read and write, does not state a cause of action on the theory of incapacity of the lessors to make a lease.

**Pleading—Mutual Mistake—Complaint—Conclusion of Law.**

4.   An averment in the complaint, in a suit to cancel a lease on the ground of mutual mistake, that except for the mutual mistake the lessors would not have executed the lease is but a statement of a conclusion of law, and is insufficient for any purpose.

From Tillamook: WILLIAM GALLOWAY, Judge.

Statement by MR. JUSTICE MOORE.

This is a suit by James Hughey and Wesley Rush, as administrator of the estate of Myra Hughey, de-

ceased, against Hiram W. Smith to enjoin the prosecution of an action at law and to cancel a contract. The facts are that on June 28, 1911, James Hughey and Myra Hughey, his wife, being the owners of a farm in Tillamook County, Oregon, executed a lease thereof to the defendant for the term of 12 years from April 1, 1912, with the privilege on the part of Smith of renewing the lease at its expiration for another like term. It was thereafter discovered that a demise of the premises, made by Hughey and his wife to John Borba, did not expire until April 1, 1913, and that by reason thereof possession could not be delivered to the defendant at the time stipulated.

Mrs. Hughey died intestate; whereupon the plaintiff Wesley Rush was appointed administrator of her estate. Smith, not having been able to obtain possession of the farm as agreed upon, commenced an action against the plaintiffs to recover damages occasioned by the breach of the contract. An answer having been filed in that action, the defendants therein, as plaintiffs herein, commenced this suit in the nature of a cross-bill for the purposes hereinbefore stated. Their pleading sets forth the facts as here given, and contains the following averments: "That at the time of the execution of the lease to the defendant herein, the said James Hughey and Myra Hughey and Hiram W. Smith were of the opinion that the said lease to the said Borba would expire on the 1st day of April, 1912. That the said Myra Hughey, at the time of the execution of said lease to the defendant, was in failing health and memory, and the defendant well knew the same, and the said James Hughey was and is a man of limited education, and was and is unable to read or write, all of which was and is well known to the defendant herein, and that by reason thereof they were each laboring under a mutual mistake and a misapprehen-

sion of fact, and said lease to defendant was made and
entered into under a mutual misapprehension and
mutual mistake of fact. That except for said mutual
misapprehension and said mutual mistake of fact the
plaintiff James Hughey, nor his wife, Myra Hughey,
now deceased, would have made and entered into said
lease.''

A demurrer to the complaint, on the ground that it
did not state facts sufficient to constitute a cause of
suit, having been sustained, and the plaintiffs declin-
ing further to plead, the suit was dismissed, and they
appeal.                                    AFFIRMED.

For appellants there was a brief, with oral argu-
ments by *Mr. Ralph R. Duniway* and *Mr. C. W. Tal-
mage.*

For respondent there was a brief over the names of
*Mr. T. B. Handley* and *Mr. Webster Holmes,* with an
oral argument by *Mr. Handley.*

MR. JUSTICE MOORE delivered the opinion of the
court.

1. The right of a court of chancery to reform or an-
nul a written contract, the execution of which was in-
duced by the fraud of the defendant, or resulted from
the mutual mistake of both parties, is a well-recognized
principle of equitable jurisprudence. Such being the
case, the only question to be considered is whether or
not the complaint herein states facts sufficient to con-
stitute a cause of suit. The rule is settled in this state
that, in a suit to reform a written instrument on the
ground of misapprehension of the facts involved, the
complaint must distinctly allege what the original
agreement of the parties was, or point out with clear-
ness and precision wherein there was a misunderstand-

ing, and that such mistake was mutual and did not arise from the gross negligence of the plaintiff, or that his misconception originated in the fraud of the defendant: *Evarts* v. *Steger*, 5 Or. 147; *Lewis* v. *Lewis*, 5 Or. 169; *Stephens* v. *Murton*, 6 Or. 193; *McCoy* v. *Bayley*, 8 Or. 196; *Foster* v. *Schmeer*, 15 Or. 363 (15 Pac. 626); *Hyland* v. *Hyland*, 19 Or. 51 (23 Pac. 811); *Meier* v. *Kelly*, 20 Or. 86 (25 Pac. 73); *Epstein* v. *State Ins. Co.*, 21 Or. 179 (27 Pac. 1045); *Kleinsorge* v. *Rohse*, 25 Or. 51 (34 Pac. 874); *Osborn* v. *Ketchum*, 25 Or. 352 (35 Pac. 972); *Thornton* v. *Krimbel*, 28 Or. 271 (42 Pac. 995); *Mitchell* v. *Holman*, 30 Or. 280 (47 Pac. 616); *Sellwood* v. *Henneman*, 36 Or. 575 (60 Pac. 12); *Stein* v.. *Phillips*, 47 Or. 545 (84 Pac. 793); *Bower* v. *Bowser*, 49 Or. 182 (88 Pac. 1104); *Smith* v. *Interior Warehouse Co.*, 51 Or. 578 (94 Pac. 508, 95 Pac. 499); *Howard* v. *Tettelbaum*, 61 Or. 144 (120 Pac. 373).

"The equitable jurisdiction for the correction of mistakes," says a text-writer, "is exercised only in order that the real intention of the parties is carried out; and if the particulars wherein there has been a failure to express correctly the intention of the parties are not pointed out the court will have nothing to guide it in making the correction": 14 Pl. & Pr. 42. See, also, 18 Pl. & Pr. 824.

2. It will be remembered that it is alleged in the complaint that it was the opinion of the parties to the contract that the lease to Borba would expire on April 1, 1912. There is no averment anywhere in the plaintiffs' pleading that the termination of the Borba lease could not have been discovered by the exercise of reasonable diligence on the part of Mr. and Mrs. Hughey; nor is it alleged that the parties intended to make the term begin with the ending of Borba's estate in the premises. To entitle a party to equitable relief in consequence of a mutual mistake, it should be alleged

and proved that the fact misapprehended could not have been discovered by the exercise of reasonable diligence on the part of the party seeking the redress invoked: Willard's Eq. 70; *Lewis* v. *Lewis,* 5 Or. 169.

3, 4. The allegation that Mrs. Hughey at the time of the lease was in failing health and memory does not show that she was mentally incapacitated from executing a valid agreement. So, too, the statement that her husband was a man of limited education and unable to read or write does not allege that he was incompetent, by reason of his illiteracy, to yield his assent to the contract; and hence the relief sought cannot be predicated on any intellectual disqualifications of the lessors. The declaration that except for the mutual mistake referred to Hughey and his wife would not have executed the lease to Smith is not an allegation of any material fact, but rather the statement of a conclusion of law sought to be deduced from the preceding averments, and insufficient for any purpose: *Hyland* v. *Hyland,* 19 Or. 51, 57 (23 Pac. 811).

Though this is a suit to cancel a contract, and not to reform an agreement, wherein possibly the averments of the complaint are not required to be so specific with respect to the original intent of the parties as in cases for the reformation of a written contract, yet after a careful examination and consideration of the complaint it is believed that the plaintiffs' pleading does not state facts sufficient to constitute a cause of suit, and that no error was committed in sustaining the demurrer. It follows that the decree should be affirmed; and it is so ordered.        AFFIRMED.