Argued September 16, affirmed September 22, 1914.

## SUKSDORF v. SPOKANE, P. & S. RY. CO.

(143 Pac. 1104.)

**Reformation of Instrument—Grounds—Mistake.**

1. To reform a contract on the ground of mistake, it must be clearly proven that the mistake was mutual.

[As to reformation of instruments, on the ground of mistake, see notes in 30 Am. St. Rep. 621; 117 Am. St. Rep. 227.]

**Reformation of Instruments—Mistake—Evidence—Sufficiency.**

2. In a suit to reform a contract conveying a right of way to a railroad, where the complaint alleged that by mutual mistake the contract did not express the intention of the parties, in that an agreement to give a certain name to a station to be built by the railroad was omitted, but plaintiff does not state directly that the defendant agreed to give the station the name mentioned, or to maintain that designation afterward, the plaintiff is not entitled to reformation.

From Multnomah: WILLIAM N. GATENS, Judge.

Department 1.    Statement of MR. JUSTICE BURNETT.

This is a suit by Theodore Suksdorf, Jane Doe Suksdorf, his wife, and Phillip Suksdorf, against the Spokane, Portland & Seattle Railway Company, a corporation, to correct an alleged mistake in a contract whereby the plaintiffs conveyed to the defendant a right of way across certain lands, and to recover damages for an alleged breach of the agreement as reformed.

The defendant denies the mistake and the allegation of damages, and states new matter deemed unimportant for the purpose of this opinion.    From a decree dismissing the suit, the plaintiffs appeal.

AFFIRMED.

For appellants there was a brief over the names of *Mr. F. J. Lichtenberger* and *Messrs. Littlefield & Smith,* with an oral argument by *Mr. Isham N. Smith.*

For respondent there was a brief over the names of *Messrs. Carey & Kerr* and *Mr. C. A. Hart,* with an oral argument by *Mr. Charles H. Carey.*

MR. JUSTICE BURNETT delivered the opinion of the court.

As a result of negotiations for a right of way through the plaintiffs' lands upon which was platted the town of Bingen, Washington, the defendant by its then name made an agreement on February 15, 1906, whereby, in consideration of the conveyance by the plaintiffs Theodore Suksdorf and wife of certain lands described for $1,000, and in further consideration of the stipulation of Phillip Suksdorf that a judgment of

condemnation for defendant's right of way should be entered in an action pending between the defendant and said Phillip in the Washington courts at a compensation of $1,400, "said Portland and Seattle Railway Company does hereby agree to place on said premises a station building at some point not farther west than the west side of the town site of Bingen, or thereabouts."

The plaintiffs contend that by mutual mistake the contract did not express the intention of the parties in that the words "and name the station Bingen, Washington; the name of said station to be placed on all maps and folders of the said railway company, said station to be used as a passenger and freight station for the town of Bingen, Washington," were omitted; and that the words "or thereabouts" were added to the agreement. It appears from the testimony that the consideration mentioned in the agreement was paid to each of the parties; that the station was located and still is maintained at the place as the plaintiffs contend it should be, and that it was at first named Bingen, which name was retained for about three months after the opening of the road for traffic when it was changed to "White Salmon." The record also discloses that the defendant's action in changing the name of the station was upheld by the Supreme Court of Washington in the case of *State ex rel. Spokane, Portland & Seattle Ry. Co.* v. *Railroad Commission,* 69 Wash. 523 (125 Pac. 953, Ann. Cas. 1914A, 830). It thus appears that all that was contended for by the plaintiffs was actually done in substance. Their grievance consists in the fact that the name was changed. They predicate damages in the averment that they were induced to part with the right of way at a price much less than its

value on the promise which included naming the station Bingen.

1. It is well settled by the precedents in this state that, in order to reform a contract on the ground of mistake, it must be alleged and clearly proven that the mistake was mutual, and that it does not suffice that one of the parties understood the contract should be one way, and a different understanding was entertained by the other party: *Stephens* v. *Murton,* 6 Or. 193; *McCoy* v. *Bayley,* 8 Or. 196; *Remillard* v. *Prescott,* 8 Or. 37; *Meier* v. *Kelly,* 20 Or. 86 (25 Pac. 73) ; *Epstein* v. *State Ins. Co.,* 21 Or. 179 (27 Pac. 1045) ; *Kleinsorge* v. *Rohse,* 25 Or. 51 (34 Pac. 874) ; *Osborn* v. *Ketchum,* 25 Or. 352 (35 Pac. 972) ; *Thornton* v. *Krimbel,* 28 Or. 271 (42 Pac. 995) ; *Mitchell* v. *Holman,* 30 Or. 280 (47 Pac. 616) ; *King* v. *Holbrook,* 38 Or. 452 (63 Pac. 651) ; *Stein* v. *Phillips,* 47 Or. 545 (84 Pac. 793) ; *Bower* v. *Bower,* 49 Or. 182 (88 Pac. 1104) ; *Smith* v. *Interior Warehouse Co.,* 51 Or. 578 (94 Pac. 508, 95 Pac. 499) ; *Hughey* v. *Smith,* 65 Or. 323 (133 Pac. 68).

2. It would serve no good purpose to quote and review the testimony. It is enough to state that the plaintiffs themselves nowhere directly state that the defendant agreed to name the station Bingen or to maintain that designation ever afterward. We may surmise from the testimony that the plaintiffs expected that, owing to the importance of their town site as they estimated it, the station would be thus named, but it does not show that it was so stipulated in the negotiations for the contract, and of course it is clear that it does not appear in the contract as actually executed. The testimony on the part of the defendant is that the contract was made exactly as intended, and it appears from their own statements on oath that the plaintiffs

72 Or.—26

were thoroughly advised of its contents by actual reading and full discussion before it was executed by the defendant. The testimony does not suffice to prove a mutual mistake within the meaning of the precedents cited. This conclusion renders it unnecessary to consider whether damages might be recovered for a breach of the contract as reformed if that were accomplished.

The decree of the Circuit Court is affirmed.

AFFIRMED.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE MOORE and MR. JUSTICE MCNARY concur.