Argued April 4, modified April 30, 1918.

## TURNER v. HARTOG.*

(172 Pac. 484.)

**Reformation of Instruments—Mistake—Term of Lease.**

1.   To reform a contract, as a lease, on the ground of mistake, as for mistake respecting the time for which the lease shall run, the mistake must be mutual, and it does not suffice that one of the parties understood the contract should be one way, while a different understanding was entertained by the other party.

[As to reformation of instruments on the ground of mistake, see notes in 30 Am. St. Rep. 621; 117 Am. St. Rep. 227.]

From Marion: WILLIAM GALLOWAY, Judge.

Department 2.

This is a suit to reform three certain leases and agreements on the ground of mutual mistake.

The complaint alleges that at the time of the execution of the agreements the number of acres in the premises leased was not exactly known to either of the parties thereto and that the same was stated therein in each instance as approximately only "more or less," aggregating in the three leases 1680 acres, more or less, it being understood and agreed at that time that a survey of the premises should be made and that the number of acres actually contained therein should govern and be paid for by the lessee according to the terms of the agreements; that thereafter the premises

---

*On reformation of contract because of mistake of law as to its effect, see note in 28 L. R. A. (N. S.) 900.     REPORTER.

were surveyed and it was ascertained that the same contained 1,736.42 acres; that at the time of the execution of the agreements or leases, it was mutually understood and agreed by and between the plaintiffs and the defendant John H. Hartog, that the latter should take and have the possession of the premises described in the agreements from the date of the execution thereof, to and including the first day of October, 1914; that it was likewise mutually understood and agreed that the leases should be considered to run for four years and that John H. Hartog should have the crops growing upon the premises at that time and for a period long enough to harvest such crops and the three succeeding crops, and that he should pay as rental for the premises at the rate of three dollars per acre per annum for four years; that by the mutual mistake of the plaintiffs and John H. Hartog, these provisions were omitted from the leases, on account of which omission the leases do not show the true intent of the parties thereto, to wit, that John H. Hartog should take the premises in their then condition and have and hold the same to and including the first day of October, 1914, paying as rental therefor the sum of three dollars per acre per annum for four years; that the said leases contained the following provisions:

"To Have and to Hold the above described premises with the appurtenances unto the said party of the second part and his executors, administrators and assigns from the 22nd day of December, 1910, for, during and until the first day of October, 1914, he paying therefor as herein stated.

"And the said party of the second part in consideration of the terms of this agreement does covenant and agree with the said party of the first part, his executors, administrators and assigns, to pay the party of the first part the sum of three dollars ($3.00) per

acre per annum, payable semi-annually in advance, and in consideration of said payment, party of the first part hereby grants to the party of the second part, his executors, administrators and assigns, the privilege or right of purchasing from the said party of the first part the premises herein mentioned at a price of ninety dollars ($90) per acre * * during the life of this agreement. * * ''

They allege in substance that the provision as to the commencement of the term of the leases was inserted in each contract by the mutual mistake of the parties and does not state their true intent or agreement which was that the party of the second part should have and hold the premises for a period commencing October 1, 1910, for, during and until the first day of October, 1914; that by the mutual mistake of the parties the provision referred to was inadvertently inserted in the leases instead of the provision that the second parties should have and hold the premises from the first day of October, 1910, for, during and until the first day of October, 1914, to which the parties had actually agreed; that thereafter John H. Hartog duly sold and assigned the leases mentioned herein to the defendant, Willamette Valley Irrigated Land Company, in consideration of which assignment it agreed to carry out the leases and to pay plaintiffs therefor in accordance with the terms thereof; that defendants have neglected and refused to pay the same or any part thereof, save and except the sum of $19,280.04, and that there is now due and owing from the defendants to the plaintiffs on account of such rental the sum of $1,552.

The defendants denied that there was any error in the written agreements and averred that the amount named in the complaint was in full settlement of the sums due according to the agreements; and that the

same was paid by checks and accepted by the plaintiffs with the notation thereon "in full for rent" to certain dates. The trial court decreed a reformation of the instruments as to the number of acres, declared the leases as for a term of four years and rendered judgment for $1,552, the difference. The defendants appeal.                                    MODIFIED.

For appellants there was a brief over the names of *Messrs. Carson & Brown, Mr. Maurice W. Seitz* and *Mr. Arthur J. Reinhart,* with oral arguments by *Mr. Thomas Brown* and *Mr. Seitz.*

For respondents there was a brief with oral arguments by *Mr. Walter C. Winslow* and *Mr. Samuel M. Endicott.*

BEAN, J.—1. We approve the finding of the trial court as to the number of acres which is admitted to be 1,736.42 according to the survey made. Taking as receipts some of the canceled checks used in paying the rent, there is no question that a receipt can be contradicted. The letter of J. H. Hartog, the manager of the Willamette Valley Irrigated Land Company, dated April 16, 1912, stated, "we are willing to pay the $3 rental for the actual number of acres we have under option," and urged that plaintiffs abide by the survey then to be made.

The terms of the leases expressly provided that the lessee should hold the premises from December 22, 1910, until October 1, 1914. The controversy in regard to the time is from October 1 to December 22, 1910. The dates are plain in the leases and the lessee paid for the first six months from December 22d to June 22d. The parties, therefore, put their own construction

upon the agreement. From the writing and from the evidence it appears that the plan was for the Irrigation Company to improve the land and sell the same under the terms of the options contained in the leases. It would seem that this was the main part of the privileges for which the consideration was paid. The time for which the consideration or rent is claimed had already elapsed when the instruments were executed. It is not shown that the lessee understood or agreed to pay for the privilege during a time for which it was not granted. The land was subleased and the leases existing at the time of the execution of the agreements in question were taken over by the defendants. Plaintiffs collected a small portion of rent from a former lessee for the time for which the claim is now made. According to the assertion of defendant Hartog the subtenants to whom the land was sublet paid as rental about one third of the consideration paid by the optionee. No agreement appears to have been made as to what portion of the stipulated sum should be paid as rent and what part for the option. To change the time of the lease would in effect be making a new contract for the parties. Whatever the lessors understood in regard to the matter it is clear that the minds of the lessors and lessee never met on the proposition of a lease for the full term of four years.

It is well settled in this state that, in order to reform a contract on the ground of mistake, it must be alleged and clearly proved that the mistake was mutual, and that it does not suffice that one of the parties understood the contract should be one way, and a different understanding was entertained by the other party: *Suksdorf* v. *Spokane P. & S. R. Co.*, 72 Or. 398, 401 (143 Pac. 1104); *Smith* v. *Interior Warehouse Co.*, 51

Or. 578 (94 Pac. 508, 95 Pac. 499); *Hughey* v. *Smith,* 65 Or. 323 (133 Pac. 68).

The defendants answered to the merits and no question is raised as to the jurisdiction of a court of equity to determine the controversy. The decree of the trial court will therefore be modified so as to exclude the requirement for the payment for the leases and options from October 1 to December 22, 1910, and deducting the sum of $1,157.60, thereby reducing the amount to which plaintiffs are entitled to the sum of $394.40. The trial court heard all the particulars and allowed neither party costs. Each party will pay his own costs in this court.        MODIFIED.

McBRIDE, C. J., MOORE and BURNETT, JJ., concur.