Argued at Pendleton May 5, modified June 3, 1924.

# FANNIE JONES v. F. S. BRAMWELL, MARY A. BRAMWELL, CHRIS MILLER AND MAGGIE N. MILLER.

(226 Pac. 694.)

**Reformation of Instruments—Essentials to Relief Stated.**

1. One desiring to reform valid contract must prove by clear, convincing and satisfactory evidence that mistake was made, that it was mutual, and that it was not result of gross negligence of parties seeking reformation.

**Reformation of Instruments—Evidence Held not to Sustain Defense of Mutual Mistake in Deed.**

2. In suit to quiet title in which defendant sought to have deed to plaintiff reformed on ground of mistake in designating boundary, evidence *held* to show that plaintiff understood she was buying 60 feet frontage named in deed, and not 55 feet, as claimed by defendant.

**Evidence—Oral Admissions must be Accepted With Caution.**

3. Oral admissions of party or witness must always be accepted with caution: Section 868, subd. 4, Or. L.

**Deeds—Deed Attempting to Correct Alleged Mistake in Prior Deed Held Invalid.**

4. Where plaintiff understood she was buying lot of 60 feet front under contract, and deed therefor was placed in escrow to be delivered on payment of purchase price, and thereafter vendor executed correction deed conveying frontage of 55 feet, which he placed on record without delivery, and without consent or knowledge of purchaser, correction deed was invalid.

**Deeds—Presumption of Delivery of Recorded Deed Held Disputable.**

5. Record of deed creates presumption that it was delivered, but such presumption is disputable.

**Quieting Title—Canceling Deed by Defendant to Third Person, Valid as Between Them, Held Error.**

6. Where plaintiff purchased lot of 60-foot frontage, and before receiving deed vendor sold contiguous lot to third person and included therein 5 feet of plaintiff's land and executed corrected deed deducting such 5 feet to plaintiff, which was recorded without her knowledge, in her suit to quiet title where no issue was joined as between vendor and third person, deed as between

---

1. Right to reform description in deed or mortgage as against purchaser without notice, see note in **Ann. Cas.** 1918D, 147.

them being valid and plaintiff being interested in it only in so far as it conflicted with her title, canceling deed to third person was error.

From Union: J. W. KNOWLES, Judge.

In Banc.

This suit was instituted by the plaintiff for the purpose of canceling two deeds and dissipating the clouds thereby cast on her title. After some oral negotiations concerning the sale by the defendant F. S. Bramwell to the plaintiff Fannie Jones, the said defendant addressed a letter to the plaintiff Jones containing the following language:

"You and I have tried several times to come to some definite conclusion as to the sale by me to you of the house you now occupy, but one thing and another, and lastly sickness, have prevented us getting down to cold business. So you may have the offer before you in good form, I take the liberty of submitting the following, and in doing so with no view to be liberal to you, as you will see by the following. You can have the house and ground upon which it is builded, one half of the entire frontage, and one half way back, which includes an alley way * * for the sum of $3600.00 and I will pay the entire street assessments. * * "

The letter then mentions the terms of payment, and is dated January 24, 1914, La Grande, Oregon. The land referred to is a part of lot 2 in said Block 9, Coggin's Addition. At that time defendants Bramwell owned all of said lot 2 and lots 3 and 4 of block 9, Coggin's Addition, La Grande, Oregon. Said lot 2 was then supposed to be 120 feet square. Thereafter, on or about the fifth day of March, 1914, the defendant F. S. Bramwell sold and conveyed to the defendants Miller the western part of said lot 2 with a frontage of 55 feet. Thereafter, on or about the

twenty-fifth day of March, 1914, the offer made by
the defendant Bramwell to the plaintiff in said let-
ter was accepted by the plaintiff and a deed was
thereupon made in which the land sold to the plain-
tiff was described by metes and bounds and covered
the eastern 60 feet of said lot 2. Both of the sales
were made upon contracts in writing with the pur-
chase price payable in installments. The deeds were
duly made and executed at the same time the con-
tracts were executed, and were placed in escrow to
be delivered upon the payment of the purchase price.
Thereafter, on or about the twenty-sixth day of July,
1919, the defendants Bramwell claiming to have made
mistakes in the descriptions of the prior deeds, duly
signed and delivered to the defendants Miller an-
other deed described as a correction deed in which
they attempted to convey to the defendants Miller
a frontage of 65 feet of said lot 2 thereby extending
the eastern boundary of the tract of land claimed by
the defendants Miller 10 feet; and included therein
substantially 5 feet of the land theretofore sold and
conveyed to the plaintiff. Upon the same date the
defendants Bramwell also executed a so-called cor-
rection deed in favor of the plaintiff whereby they
attempted to reduce the land theretofore conveyed
to her to a frontage of 55 feet. The last-named deed
was never delivered to the plaintiff but was placed
on record, without her consent or knowledge, by the
defendants Bramwell. The first knowledge the plain-
tiff had of the last-mentioned deed was conveyed to
her by the certificate of assessment, in which her land
was described as 55x120 feet. She immediately took
steps to have the two so-called correction deeds can-
celed and the cloud cast on her title thereby dis-
sipated. The defendants Bramwell and Miller an-

swered separately, but set up the same affirmative defenses and counterclaims wherein they seek to have the original deeds executed and delivered to the plaintiff and to the defendants Miller corrected in accordance with the so-called correction deeds referred to above. The Circuit Court sustained the contention of the plaintiff and entered a decree canceling both the so-called correction deeds removing the clouds thereby cast on the title of the plaintiff, and awarded costs and disbursements to the plaintiff. The appeal to this court is from that decree.

MODIFIED.

For appellants there was a brief and oral argument by *Mr. C. H. Finn.*

For respondent there was a brief over the name of *Messrs. Crawford & Eakin,* with an oral argument by *Mr. Robert S. Eakin.*

COSHOW, J.—1. There is no serious contention on the part of the defendants, who are appellants here, that the plaintiff is not entitled to a decree, unless the defendants are entitled to have the original deeds reformed because of the alleged mutual mistakes. The only controversy, therefore, is regarding the alleged mistakes in the descriptions in the two original deeds. It is the well-settled law of this state that one desiring to reform a valid contract which has been executed must prove by clear, convincing and satisfactory evidence,—(1) that a mistake was made; (2) that the mistake was mutual; and (3) that the mistake was not the result of gross negligence on the part of the parties seeking the reformation: *Churchill* v. *Meade,* 92 Or. 626 (182 Pac. 368); *Boardman* v. *Insurance Co. of Pa.,* 84 Or. 60

(164 Pac. 558); *Suksdorf* v. *Spokane P. & S. Ry. Co.,* 72 Or. 398 (143 Pac. 1104); *Hughey* v. *Smith,* 65 Or. 323, 326 (133 Pac. 68); *Mitchell* v. *Holman,* 30 Or. 280 (47 Pac. 616).

2. The defendants have not supported their claim of mistake by a preponderance of the evidence. In fact, the defendant Bramwell, himself, in addition to admitting the authenticity of said letter, neither affirms nor denies that he had told the plaintiff she could have the east half of the frontage amounting to 60 feet for $3,600. The testimony of the defendants Miller does not even tend to prove a mutual mistake in our judgment. Taken in the most favorable light for defendants, it would indicate that the plaintiff was of the impression that the defendants Miller had a wider strip of land measured by its frontage than she had. There is no evidence that the plaintiff understood at the time that her frontage was less than 60 feet, even though it be true that the defendant Bramwell indicated by his foot that the frontage of plaintiff's land extended from the eastern boundary of said lot 2 to the center of a narrow cement walk extending from the front to a space between the houses on the two tracts from where it curves and extends to the house conveyed to the plaintiff. There was no evidence that the plaintiff accepted that mark as the boundary unless it gave her 60 feet frontage. Even if she had believed that walk to have been the boundary line, it is clear from the testimony of the defendants, themselves, including the letter as well as the original deed, that she understood she was buying 60 feet frontage. The evidence of the witnesses, Crawfords, is not convincing. They doubtless related the circumstances as they remembered them.

3. The oral admissions of a party or witness must always be accepted with caution. It is so easy to misunderstand and the memory of witnesses, as to conversations occurring in the past, is so frail that a statute of this state has wisely directed the courts to receive the testimony of oral admissions with caution: Section 868, subd. 4, Or. L. The plaintiff, herself, absolutely denies that the cement walk was indicated to her by the defendant Bramwell as the western boundary of the tract she was purchasing from him. She also denies the testimony of the defendants Miller and the witnesses, Crawfords, to the effect that she had a narrower tract of land measured by the frontage than the defendants Miller. The original deed was not only prepared and executed by the defendant F. S. Bramwell, but he also called an attorney who read and explained the deed in the presence of the plaintiff before it was deposited in the bank in accordance with the contract. The evidence, therefore, fails to sustain the contention of the defendants that a mutual mistake was made in executing the deed of the defendant Bramwell conveying to the plaintiff that part of lot 2 claimed by her and described in the deed.

4, 5. The so-called correction deed executed by the defendants Bramwell to the plaintiff is invalid. To those having no knowledge of the facts, the record of the deed creates a presumption that it was delivered: *Serles* v. *Serles,* 35 Or. 289 (57 Pac. 634). This presumption is disputable. The plaintiff was not consulted about the matter before the deed was made. The correction deed was made by the defendants Bramwell, but was never delivered to the plaintiff. It was placed on record by the defendant F. S. Bramwell, or some one for him, without either the consent

111 Or.—21

or knowledge of the plaintiff: 8 R. C. L. 1027, note 14; *First Nat. Bank* v. *McCreary,* 66 Or. 484, 490 (132 Pac. 718, 134 Pac. 1180); *Telschow* v. *Quiggle,* 74 Or. 105 (145 Pac. 11); 18 C. J. 196, § 94, p. 212, § 118, p. 213, § 121.

The so-called correction deed from the defendants Bramwell to the plaintiff Fannie Jones and recorded October 1, 1919, in Deed Records, Book 71, pages 313 and 314, Union County, Oregon, therefore, constituted a cloud upon the title of the plaintiff Fannie Jones.

6. The correction deed executed by the defendants Bramwell in favor of the defendants Miller was delivered and accepted by the latter. No issue is joined by the defendants Bramwell and Miller. The last-mentioned deed is valid as between them. The plaintiff is not concerned or interested in that deed only in so far as it conflicts with her title. The Circuit Court, therefore, erred in canceling the last-mentioned deed. The defendants Bramwell and the defendants Miller had a perfect right to correct any mistake in the original deed between them as long as they did not interfere with the title of the land conveyed by the defendants Bramwell in their original deed to the plaintiff: 8 R. C. L. 1027; *Thomas* v. *Kennedy,* 24 Iowa, 397 (95 Am. Dec. 740); *Greve* v. *Coffin,* 14 Minn. 345 (100 Am. Dec. 229); *Fox* v. *Windes,* 127 Mo. 502 (30 S. W. 323, 48 Am. St. Rep. 648).

The possession of the defendants Miller was not such as to constitute notice to the plaintiff that they claimed any part of the land conveyed to the plaintiff by the original deed from Bramwell to her. There was no sufficient object marking the boundaries between the two tracts to constitute notice to the plaintiff that the defendants Miller were claiming, by virtue of their alleged possession, any part

of plaintiff's tract of land as described in her original
deed.   The cement walk referred to is not made a
monument by the description in the deed nor in the
negotiations leading up to it.   The evidence convinces
us that the plaintiff believed and understood that she
was to have 60 feet frontage.

The decree of the Circuit Court will be affirmed
wherein it confirms the title of the plaintiff to the
tract of land described as beginning at a point 176.4
feet on Adams Avenue southeasterly from the north-
west corner of block 109 in Chaplin's Addition to La
Grande, Union County, Oregon, running thence south-
easterly along said Adams Avenue sixty (60) feet,
thence at right angles southwesterly one hundred and
twenty (120) feet, thence at right angles to the last
mentioned line northwesterly sixty (60) feet, thence
at right angles to the last-mentioned line one hundred
and twenty (120) feet to the place of beginning being
a portion of lot two (2) of block nine (9) in Coggin's
Addition to the town of La Grande, and in canceling
the deed executed by F. S. Bramwell and Mary A.
Bramwell, his wife, bearing date of July 26, 1919,
to the plaintiff which is of record in Book 71, Deed
Records of Union County in pages 313 and 314, and
holding the same to be null and void and removing
the cloud cast upon the title of the plaintiff thereby;
and in removing the cloud cast upon the title of the
plaintiff to the above-described tract by the deed
executed by the defendants F. S. Bramwell and Mary
A. Bramwell, his wife, bearing date of July 26, 1919,
to the defendants Chris Miller and Maggie N. Miller,
his wife, which is of record in Book 71, Deed Records
of Union County in page 313 thereof; annulling and
voiding said deed in so far as the description therein
conflicts with the description of the land conveyed by

the defendants Bramwell to the plaintiff and hereinbefore described. Said decree is modified wherein it holds the last-mentioned deed from the defendants Bramwell to the defendants Miller to be null and void in its entirety.

Neither party will recover costs in this court.