Argued June 4, affirmed June 18, 1918.

## SCHOOL DIST. No. 4 v. HARTONG.

(173 Pac. 570.)

**Reformation of Instruments—Mutual Mistake—Burden of Proof.**

1. In suit to reform a contract on the ground of mutual mistake, the burden is on the plaintiff to clearly show the mistake and that it was mutual.

[As to reformation of instruments on the ground of mistake, see notes in 30 Am. St. Rep. 621; 117 Am. St. Rep. 227.]

From Lane: GEORGE F. SKIPWORTH, Judge.

Department 2.

January 15, 1914, plaintiff entered into a written contract with Fred Glenn & Company whereby the company agreed to supply the plaintiff with such papers and proceedings as might be necessary to legally authorize the issuance of $100,000 of its bonds to be used in the construction of a school building for which the plaintiff, upon demand, agreed to pay the company one half of one per cent of the par value of the bonds issued under such an agreement. It is al-

leged that by mutual mistake and oversight of the parties and without the fault of either that the words

"such attorneys to be selected by us and at any stage of said proceedings when requested by us you are to furnish us the opinion of such attorneys as to the regularity and validity of the proceedings so far as the same have progressed so that such bonds can be sold upon such opinion and not subject to approval"

were omitted from and should have been incorporated in the written contract. It is conceded that the necessary records and the proceedings were furnished for the issuance of the bonds and that based thereon the bonds were issued and sold by the plaintiff. It is alleged that before the sale the plaintiff made a request of the company for the written opinion of certain specified attorneys as to the regularity and validity of the proceedings for the issuance of the bonds and that such request was ignored and the opinion was never furnished and that by reason thereof there was a breach of contract, resulting in the delay of the sale of the bonds.

January, 1916, J. M. Hartong commenced an action against the plaintiff, alleging that, as an assignee of Glenn & Company, there was due and owing him from the plaintiff $550 under the terms of the written contract.

To defeat the action plaintiff filed a cross-bill alleging mutual mistake in the execution of the written contract and sought to have it reformed by inserting therein such alleged omitted words and pending the suit to have the action at law enjoined.

To the cross-bill the defendants filed an answer in which among other denials they specifically denied that there was any mutual mistake in the execution of the written contract and affirmatively alleged that

Glenn & Company in all things and respects had complied with the terms and conditions of the contract.

The lower court made findings of fact in favor of the defendants on all of the issues presented and rendered a decree dismissing the suit from which this appeal is taken.

The only question presented by the record is whether there was a mistake in the execution of the written contract, and if so, was it mutual.

                                            AFFIRMED.

For appellant there was a brief over the name of *Messrs. Smith & Bryson,* with an oral argument by *Mr. E. R. Bryson.*

For respondents there was a brief over the names of *Mr. R. A. Imlay* and *Mr. Frank S. Grant,* with an oral argument by *Mr. Grant.*

JOHNS, J.—1. The law is fundamental and is so decided by this court in the case of *Stephens* v. *Murton,* 6 Or. 193 that:

"In order to warrant a court of equity in reforming an instrument on the ground of mutual mistake, the proof of the mistake and that it was mutual must be very clear."

This principle has been followed by numerous decisions of this court, including the case of *Hughey* v. *Smith,* 65 Or. 323 (133 Pac. 68), in which they are all collated and approved. Before the written contract can be reformed it must be made to appear that there was a mistake and that the mistake was mutual and the burden is upon the plaintiff to prove that fact by clear and satisfactory evidence. After hearing the testimony the lower court found that nothing was omitted from the contract by mutual mistake or in-

advertence and that the writing constituted the only contract between the school district and Glenn & Company.

We have carefully read the complete record in this case. The written contract, as finally approved, was prepared by one of the directors of the plaintiff and was read over and discussed in a meeting of the school board and was then signed by the respective members of the board and, as so signed, the same writing was thereafter submitted to and was executed by Glenn & Company.

While it may be true that there was a mistake, as to the contract on the part of the school board, the evidence tends to show that the mistake was more in the construction of the contract by the members of the school board than in any omission from the contract.

Assuming that there was a mistake and an omission from the written contract, on the part of the school board, the evidence is neither clear nor convincing that the mistake was mutual and the judgment should be affirmed.    AFFIRMED.

McBRIDE, C. J., BEAN and MOORE, JJ., concur.