Argued July 23, affirmed September 17, rehearing denied November 12,
1918.

## MILLER. v. FISHER.

(174 Pac. 1152.)

**Evidence — Writing of Deceased Person — Affidavit of Grantor —
Statute.**

1. Under Section 790, L. O. L., providing when writings of de-
ceased persons are admissible, in ejectment, *ex parte* affidavit of
predecessor in title of all parties, made more than twenty-four years
after execution of deed by himself and wife to plaintiffs' immediate
predecessor, and five years before institution of action in ejectment,
*held* inadmissible.

**Ejectment—Evidence—Tax Receipts.**

2. In ejectment, payment of taxes on either of the lots involved,
by any person, was not evidence upon any disputed fact in the case,
so that tax receipts offered by cross-complainants were inadmissible.

**Reformation of Instruments—Mistake—Mutuality.**

3. A mistake, as in a deed, must be mutual, or a court of equity
will not grant relief.

[As to reformation of instruments on the ground of mistake,
see notes in 30 **Am. St. Rep.** 621; 117 **Am. St. Rep.** 227.]

Reformation of Instruments—Burden of Proof.

    4. In suit to reform contract for mutual mistake, plaintiff has burden to show mistake and its mutuality. .

Estoppel—Sale of Land—Correction of Original Plat.

    5. Where lots in block of an addition to a city were purchased and conveyed, any subsequent attempt by sellers to correct or amend original map or plat by which lots were indicated was void as to purchaser.

Deeds—Presumption—Acquisition of Title to Land in Plat.

    6. In ejectment, defendants cross-complaining for equitable relief, in absence of testimony outside of deeds of cross-complainants' predecessors, it must be assumed predecessors acquired title to lots described in their deeds as such lots appeared on then recorded plat of addition.

From Multnomah: WILLIAM N. GATENS, Judge.

Department 2.

In June, 1913, the respondents commenced an action of ejectment against the appellants, in the Circuit Court of Multnomah County, to recover possession of lots 20 and 21 in Block 2 of Park Addition to Albina, in the City of Portland. . To enjoin the prosecution of that action the Millers filed a cross-bill for equitable relief, to which the Fishers filed a demurrer upon the ground that there was no equity in the bill. This demurrer was sustained by the lower court and from that decision an appeal was taken to this court (*Miller* v. *Fisher,* 77 Or. 532 (151 Pac. 971), in which an opinion by Mr. Chief Justice MOORE held that the cross-bill stated a cause of suit and the case was reversed and remanded. The Fishers then filed their answer to the cross-bill. After the issues were joined a trial was had, in which it was stipulated to the effect that Anna Augusta Fisher, from whom the defendants deraign title, purchased from James Steel and his wife lots 20 and 21, in Block 2 of Park Addition to Albina on November 30, 1883; that prior to the sale Steel and his wife were the owners of a certain tract of land in

Multnomah County, Oregon, described in the stipulation; that James Steel and his wife, then the owners of said tract, divided the same into blocks, lots, streets and alleys and on September 9, 1882, filed a map and plat thereof in the office of the county clerk of said county, designating the tract so platted and mapped as Park Addition to Albina; that on December 7, 1882, the said Steels executed to Mrs. N. J. Woodruff, through whom the plaintiffs derive title, their certain deed for lot 17 in Block 2 of said addition; that on May 10, 1884, Steel and his wife executed to George Johnson, through whom plaintiffs deraign title, their certain deed for lot 16 in said block of said addition; that on December 16, 1887, the said Steel and his wife executed another and corrected map or plat of said Park Addition, which was duly filed on December 17, 1887; that all such deeds were duly and regularly executed, acknowledged and recorded.

It appears from the above opinion of Mr. Chief Justice MOORE and from the facts disclosed by the record in this case that lots 20 and 21, which were deeded to Anna Augusta Fisher, were and are identical with lots 16 and 17 as the same now appear on the amended or corrected plat filed for record December 17, 1887. At the trial, for the purpose of proving the mistake in the map, the plaintiff offered the *ex parte* affidavit made on May 19, 1908, by James Steel, now deceased, one of the original owners and through whom both parties claim title, and also a number of tax receipts tending to show that for many years they had paid the taxes on lots 16 and 17, and certain other tax receipts tending to show that third parties had for a number of years paid the taxes upon lots 20 and 21. Objections were made to such offers and were sustained by the Circuit Court, which after the trial rendered a decree

90 Or.—8

in favor of the defendants, from which this appeal is taken.                                        AFFIRMED.

For appellants there was a brief and an oral argument by *Mr. Edward T. Taggart.*

For respondents there was a brief over the names of *Mr. F. M. Saxton* and *Messrs. White & White,* with an oral argument by *Mr. Saxton.*

JOHNS, J.—1, 2. The deed from James Steel and his wife to Anna Augusta Fisher was executed on November 30, 1883. The *ex parte* affidavit of James Steel was made on May 19, 1908, more than twenty-four years after the execution of the deed, and five years before the action in ejectment was instituted. It would not be evidence of any fact in this case: Section 790, L. O. L.; and neither would the payment of taxes upon either of said lots by any person be evidence upon any disputed fact in this case.

3–5. On November 30, 1883, Anna Augusta Fisher purchased and acquired title to lots 20 and 21 of Block 2 as shown on the original map and plat of Park Addition to Albina filed September 9, 1882. There is nothing in the record which shows or tends to show that as between her and the Steels there was any mistake in the execution of that deed, and a mistake must be mutual or a court of equity will not grant relief. In a suit to reform a contract on the ground of mutual mistake the burden is on the plaintiff to show the mistake and prove that it was mutual: *School District No. 4* v. *Hartong,* 89 Or. 155 (173 Pac. 570). The effect of such conveyance was to vest in Anna Augusta Fisher the title to lots 20 and 21 of Block 2 of Park Addition to Albina and to convey any title which the Steels then had to such lots, and any effort or attempt on their

part on December 17, 1887, to correct or amend the original map or plat by them executed and filed on September 9, 1882, would be null and void as to Anna Augusta Fisher or her heirs.

6. While the deed for lot 17 from the Steels to Mrs. Woodruff, from whom the plaintiffs deraign title, was executed on December 7, 1882, it appears from the body of the deed that it was conveyed as "Lot Seventeen (17) in Block number Two (2) in Park Addition to Albina." The same thing is true as to the Johnson deed, which was executed May 10, 1884, and at the time of the execution of all of these deeds the original plat of September 9, 1882, was then on file and of record. There is no testimony outside of the deeds, and in the absence of such testimony it must be assumed that these parties bought and acquired title to the lots described in their respective deeds, and as the same appear on the then recorded map or plat thereof.

The decree of the Circuit Court is affirmed.

AFFIRMED.   REHEARING DENIED.

McBRIDE, C. J., and BEAN and BURNETT, JJ., concur.