### JONES et al. v. UNITED STATES.

(Circuit Court of Appeals, Fourth Circuit. February 3, 1926.)

No. 2461.

1. **Conspiracy** ⊂⇒28—**Defendants, conspiring to sell denatured alcohol for conversion into beverage alcohol, held guilty of conspiracy to violate Prohibition Act (National Prohibition Act, tit. 2, § 18, 41 Stat. 313 [Comp. St. Ann. Supp. 1923, § 10138½i]).**

Persons incorporating a drug manufacturing company with intent, after obtaining denatured alcohol, to sell it to be converted into beverage alcohol, held guilty of conspiracy to violate National Prohibition Act, tit. 2, § 18 (Comp. St. Ann. Supp. 1923, § 10138½i), though alcohol bought and sold by them had been rendered unfit for beverage use by formula approved by government.

2. **Indictment and information** ⊂⇒184—**Indictment charging conspiracy with person unknown held not at fatal variance with proof showing one known person was unnamed (National Prohibition Act, tit. 2, § 18, 41 Stat. 313 [Comp. St. Ann. Supp. 1923, § 10138½i]).**

Indictment charging defendants and other persons unknown with conspiracy to violate National Prohibition Act, tit. 2, § 18 (Comp. St. Ann. Supp. 1923, § 10138½i), held not at fatal variance with proof showing grand jury must have known that particular person unnamed was a conspirator.

3. **Indictment and information** ⊂⇒101—**Name or description of person which may identify crime should be given accused, and failure may warrant inference that crime charged was not proved.**

If name or description of person, other than defendant, may serve to identify crime charged, accused is entitled to be told it, and in such case, where grand jury denies knowledge of name or description, evidence showing that it was fully informed warrants inference that offense proved is not offense charged.

In Error to the District Court of the United States for the District of Maryland, at Baltimore; Morris A. Soper, Judge.

Neufield T. Jones and another were convicted of conspiracy to violate the National Prohibition Act, and they bring error. Affirmed.

Wm. J. Neale, of Washington, D. C. (Robert T. Scott, of Washington, D. C., on the brief), for plaintiffs in error.

A. W. W. Woodcock, U. S. Atty., of Baltimore, Md.

Before WADDILL, ROSE, and PARKER, Circuit Judges.

ROSE, Circuit Judge. The plaintiffs in error were defendants below and will be so styled here. They, together with six other persons, were indicted for conspiracy among themselves, and with others to the grand jury unknown, to commit an offense against the United States; that is to say, to violate section 18 of title 2 of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138½i), by selling "a preparation, to wit, specially denatured alcohol, formula 39–B, a more particular description of which is to the grand inquest unknown, designed and intended for use in the unlawful manufacture of intoxicating liquor, containing more than one-half of 1 per centum of alcohol by volume and fit for use for beverage purposes, a

more particular description of which intoxicating liquors is to the grand inquest unknown."

The indictment further charged that this conspiracy was to be affected by organizing as a corporation, the Maryland Drug & Chemical Manufacturing Company, and securing from the collector of internal revenue for the district of Maryland, in the name of such corporation, a permit to use denatured alcohol in the manufacture of hair shampoo, hair tonic, bay rum, theater disinfectants, and toilet articles, intending, nevertheless, not to use such alcohol in such manufacture, except such small part thereof as might be necessary to deceive the agents of the United States, but to sell the alcohol to divers persons, to the grand inquest unknown, well knowing that such alcohol was designed and intended to be used by such persons in the unlawful manufacture of intoxicating liquor. The conspiracy also included the making of false records in the office of the corporation of the disposition of the alcohol, for the purpose of deceiving the agents of the Treasury Department of the United States.

Three of their codefendants pleaded guilty. Three others were tried with them, and all were convicted. They alone sue out writs of error. They do not question that the government presented evidence which would justify the jury in finding, as it did find, that they were parties to a conspiracy to organize such company and to obtain for it a permit under which it would come into the possession of denatured alcohol of the character described in the indictment, under pretense that such alcohol was to be used in the manufacture of the articles mentioned in the indictment, and that they did not intend so to use any considerable part of it, and did not in fact do so, but that their purpose was to sell it to bootleggers, who would remove the chemicals that had been used to denature it, and would then sell it for beverage purposes.

Not much time need be wasted upon the objection that it was not sufficiently proved that they knew that the persons to whom they intended to sell the alcohol, and to whom they did sell it, purposed to make out of it intoxicating liquors to be used for beverage purposes. On that subject the evidence is ample and conclusive.

[1] They do contend, however, that, whatever they were guilty of, they did not conspire to violate section 18, because they say that that section merely forbids the advertising, manufacturing, selling, or possessing for sale any utensils, contrivance, machine,

preparation, compound, tablet, substance, formula, direction, or recipe advertised, designed, or intended for use in the unlawful manufacture of intoxicating liquor. From its language they argue that the article, whatever it is, must be something which was itself made with intent that it should be used in the manufacture of beverage alcohol, and they say that the alcohol which they bought and sold was alcohol which, so far from being designed for use for beverage purposes, had been made unfit for such use by the employment of a formula approved by the government itself. The argument is ingenious, but scarcely convincing.

In our view, the defendants are no less guilty because the alcohol, before it came into their possession, had not been prepared with the intent that it should be used for the manufacture of an intoxicating beverage. They violated the statute, if they intended, when they conspired to offer it for sale and sold it, that it should be used in the manufacture of beverage alcohol, to be sold as such. The sole purpose of their elaborate conspiracy, extending over some months, was to put themselves in a position to sell denatured alcohol to persons who would pay them a high price therefor, in order that such other persons could take out the denaturing compounds and thereby turn it into beverage alcohol to be illicitly sold. It is clear that they advertised it by word of mouth to the persons to whom they sold it as suitable for use in the unlawful manufacture of intoxicating liquors.

[2, 3] There is but one other assignment of error. The indictment charged them, not only with conspiring with the other named defendants, but with others to the grand jury unknown. In the course of the trial it appeared that one Lerner had bought a large portion of the denatured alcohol from them. From this it is argued that he was a party to the conspiracy, and from the fact that certain persons who testified in the case as to Lerner's activities also testified before the grand jury it is said that the grand jury must have known what part he had played. It is contended that these facts disclosed a fatal variance between the indictment and the proof. The name or description of an individual other than the defendant may sometimes serve to identify a particular crime which is said to have been committed. If so, the accused is entitled to be told it, if the grand jury knows it, so that he may make ready his defense and be protected against the possibility of double jeopardy. Under such circumstances, if the grand jury says it

does not know the name or the description, and at the trial the evidence adduced relates to a transaction in which somebody was concerned, about whose connection with the affair the grand jury was fully informed, the reasonable inference is that the offense proved is not the one charged. United States v. Riley (C. C.) 74 F. 210.

The reasons why the naming of conspirators other than those mentioned in the indictment can seldom serve any such purpose of identification, and why upon other grounds it would be both impracticable and useless to require the grand jury to set out all the names of the persons whom they think have participated in the conspiracy, but who upon one ground or another they do not choose to indict, were well stated in Jones v. United States, 179 F. 584, 103 C. C. A. 142 (C. C. A. 9), United States v. Heitler (D. C.) 274 F. 401, affirmed in Heitler v. United States (C. C. A.) 289 F. 1021 (C. C. A. 7) and Leverkuhn v. United States, 297 F. 590 (C. C. A. 5). They need not be repeated here.

Affirmed.